**Ronald M. HIATT et al., Plaintiffs,**

v.

**INDIANA EMPLOYMENT SECURITY DIVISION et al., Defendants.**

**Civ. No. 70 F 122.**

United States District Court, N. D. Indiana, Fort Wayne Division.

Oct. 27, 1971.

Ivan E. Bodensteiner, Max George Margulis, Ft. Wayne, Ind., for plaintiffs.

William S. McMaster, Darrel K. Diamond, Deputy Attys. Gen., Indianapolis, Ind., for defendants.

Before SWYGERT, Circuit Judge, and GRANT and ESCHBACH, District Judges.

### MEMORANDUM OF DECISION AND ORDER

PER CURIAM.

This case is now before the court upon a motion for summary judgment filed on July 25, 1971 by plaintiff Ronald M. Hiatt on behalf of himself and a subclass consisting of all present and future unemployed workers who have registered for employment referral with the Indiana Employment Security Division and have been determined to be eligible for unemployment payments therefrom, and whose benefits have been or will be terminated, suspended, withheld, or reduced solely because of the provisions of Ind. Ann.Stat. § 52–1542a(e) (Burns 1970 Supp.), IC 1971, 22–4–17–2. The court will also consider the supplemental motion for summary judgment filed September 22, 1971, which seeks summary judgment not only for the plaintiff Hiatt but also for the intervening plaintiff Burney. The original motion for summary judgment as supplemented by the motion of September 22, 1971 will be considered together in this memorandum

of decision. Both plaintiff Hiatt and intervening plaintiff Burney seek summary judgment on their requests for injunctive and declaratory relief as set forth in Hiatt's amended complaint and Burney's intervening complaint. Defendants, the Indiana Employment Security Division and the director and members thereof and the manager of the Fort Wayne Branch of the Indiana Employment Security Division, have filed no response to the motion for summary judgment. The court will grant plaintiffs' motion for summary judgment in accordance with the provisions of this order.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, and jurisdiction is founded upon 28 U.S.C. § 1343. On November 2, 1970, a three-judge United States District Court was convened to hear and determine the action pursuant to 28 U.S.C. § 2284. This is a class action challenging on constitutional and statutory grounds certain provisions of Ind.Ann.Stat. § 52–1542a (Burns 1970 Supp.) which is part of Indiana's Employment Security Act. Subsections 52–1542a(a) and (b) provide for a determination by the Indiana Security Employment Division of a claimant's status as an insured worker. Notice of the determination to both the claimant and the employer is provided for, and a hearing on such determination before a referee may be requested by either party. If no hearing is requested, the determination is final and benefits are paid or denied in accordance therewith. Ind.Ann.Stat. § 52–1542a(a), (b) (Burns 1970 Supp.). Under § 52–1542a(c), an employing unit, including an employer, having knowledge of facts which may affect an individual's eligibility or right to waiting period credits or benefits shall notify the division of such facts.

The Indiana unemployment compensation scheme provides for the weekly determination, throughout the benefit period, by the deputy of the Division of a claimant's eligibility, the validity of his claims, and the attributability to the employer of the cause for which a claimant left his work. Ind.Ann.Stat. § 52–

1542a(d) (Burns 1970 Supp.). Under § 52–1542a(d), the deputy *may* refer the claim to a referee who makes the initial determination with respect to the aforementioned matters in accordance with hearing procedures set forth in Ind.Ann. Stat. § 52–1542b (Burns 1964 Repl.).

Ind.Ann.Stat. § 52–1542a(e) (Burns 1970 Supp.), provides in pertinent part as follows:

In cases where the claimant's benefit eligibility or disqualification is disputed, the division shall promptly notify the claimant and the employer or employers directly involved or connected with the issue raised as to the validity of such claim, the eligibility of the claimant for waiting period credit or benefits, or the imposition of a disqualification period or penalty, or the denial thereof, and of any nonattributability to the employer of the cause for which the claimant left his work, of such determination and the reasons thereof. * * * [U]nless the claimant or such employer * * * asks a hearing before a referee thereon, such decision shall be final and benefits shall be paid or denied in accordance therewith. * * * *In the event that a hearing is requested, the payment of any disputed benefits with respect to the period prior to the final determination or decision shall be made only after such determination or decision. Benefits with respect to any week not in dispute shall be paid promptly regardless of any appeal.* (Emphasis added).

Subsequent to the decision in California Dep't of Human Resources Dev. v. Java, 402 U.S. 121, 91 S.Ct. 1347, 28 L. Ed.2d 666 (1971), the court requested a stipulation of facts as to the plaintiff Hiatt which the parties filed on July 13, 1971. The facts of this case, insofar as they relate to plaintiff Hiatt, can be summarized as follows. Plaintiff Ronald M. Hiatt is an adult citizen of the United States and the State of Indiana and resides in New Haven, Indiana. On July 13, 1970, Hiatt applied and was declared eligible for unemployment com-

pensation benefits by the Fort Wayne Branch of the Indiana Employment Security Division. Hiatt's first unemployment compensation benefits were received on July 29, 1970, and subsequent to the declaration of eligibility, he received four checks, each in the amount of $49.00.

On August 21, 1970, Hiatt accepted part-time employment with the Indiana Janitor Service Company, Inc., as a result of which his weekly benefits for the week ending August 22, 1970 were reduced to $43.00. Prior to the filing of the complaint in this action, Hiatt received his last check in the amount of $43.00 for the week ending August 22, 1970. Hiatt was fired on September 1, 1970 from his job with the Indiana Janitor Service Company, Inc. for alleged misconduct on the job. The Fort Wayne Branch of the Indiana Employment Security Division was advised of the firing on September 2, 1970, and on September 3, 1970 Mr. O. W. Brown, a deputy of the Fort Wayne Branch, determined that Hiatt had been discharged not for misconduct but for dissatisfaction of the employer with the quality of Hiatt's work. Plaintiff thus continued to be eligible for benefits in the amount of $49.00 per week, subject to the employer's right of appeal under § 52–1542a and affirmance on appeal.

The Indiana Janitor Service Co., Inc. appealed the determination of Deputy Brown; consequently, Hiatt's weekly benefit check in the amount of $38.00 for the week ending August 29, 1970 was withheld by defendants. The parties further stipulated that Hiatt's benefits were suspended or withheld pursuant to Ind.Ann.Stat. § 52–1542a(e) (Burns 1970 Supp.) and that § 52–1542a(e) does not provide for a hearing prior to suspension or termination of benefits, nor was plaintiff Hiatt afforded a hearing.

On October 29, 1970, a hearing was conducted pursuant to the employer's appeal, and on November 4, 1970, a referee reversed Deputy Brown's determination. Plaintiff then appealed the referee's reversal, and after a hearing on December 3, 1970, the Review Board entered an order reversing the referee's decision. Hiatt was therefore eligible for all benefits withheld.

The parties further stipulated that defendants are required under § 52–1542a to withhold benefits immediately upon timely request by the employer challenging the defendants' determination of eligibility. Finally, the parties agree that there is a class of people in the State of Indiana who, like Hiatt, have had or will have their unemployment compensation benefits terminated, suspended, withheld, and reduced without a hearing solely because of the requirements of § 52–1542a(e).

The identical issue arises in this action with regard to plaintiff Hiatt which the Supreme Court recently confronted in *Java, supra:* whether a state may, consistent with § 303(a) (1) of the Social Security Act, 42 U.S.C. § 503(a) (1), suspend or withhold unemployment compensation benefits from a claimant when an employer takes an appeal from an initial determination of eligibility. *Java, supra* at 1349. Following the decision in *Java,* the court concludes that Ind.Ann. Stat. § 52–1542a(e) (Burns 1970 Supp.) conflicts with the requirements of § 303 (a) (1) of the Social Security Act which provides in part as follows:

The Secretary of Labor shall make no certification for payment to any State unless he finds that the law of such State, approved by the Secretary of Labor under the Federal Unemployment Tax Act, includes provision for

—

(1) Such methods of administration * * * as are found by the Secretary of Labor *to be reasonably calculated to insure full payment of unemployment compensation when due * * *.* [Emphasis added].

The California Unemployment Insurance Code, which was the subject of attack in *Java,* provided, after an eligibility interview and initial determination of eligibility, for automatic suspension of benefits upon an employer's appeal. *Java,*

*supra* at 1352. Indiana's statute similarly suspends payment of benefits after a determination of eligibility upon an employer's appeal, and such a program is not "reasonably calculated to insure full payment of unemployment compensation when due." *Java, supra.* "When due," as used in § 303(a) (1) of the Social Security Act, was intended to mean "at the earliest stage of unemployment that such payments were administratively feasible after giving both the worker and the employer an opportunity to be heard." *Java, supra* at 1354.

> [T]he word "due" in § 303(a) (1), when construed in light of the purposes of the Act, means the time when payments are first administratively allowed as a result of a hearing of which both parties have notice and are permitted to present their respective positions; any other construction would fail to meet the objective of early substitute compensation during unemployment. Paying compensation to an unemployed worker promptly after an initial determination of eligibility accomplishes the congressional purposes of avoiding resort to welfare and stabilizing consumer demands; delaying compensation until months have elapsed defeats these purposes. *Java, supra* at 1355.

The court finds that the critical point in the Indiana procedure is the initial determination of an employee's status as an insured worker and the deputy or referee's initial determination of eligibility. Under § 52–1542a(a), (b), a hearing may be requested by either party regarding defendants' determination of a claimant's status as an insured worker. Under § 52–1542a(d), a deputy makes the weekly determination of eligibility *unless* he refers the claim to a referee who conducts a hearing. Although the State of Indiana has chosen not to require an interview or hearing on all claims before a determination is made, benefits are "due" when first administratively allowed under § 52–1542a(a), (b), (d). Plaintiff Hiatt was determined to be an insured employee and was found to be eligible, and at that point in the Indiana program, benefits became "due" under § 303(a) (1) of the Social Security Act. Under Indiana's program, the employer and the State are protected, in the event that an initial determination of eligibility is reversed on appeal after benefits have been paid, by Ind.Ann.Stat. § 52–1537 (Burns 1964 Repl.), IC 1971, 22–4–13–1, which in part provides for repayment of benefits by an employee and relief for the employer's experience account.

■ The court thus finds that Ind. Ann.Stat. § 52–1542a(e), insofar as it provides for the nonpayment of any disputed benefits with respect to the period prior to the final determination or decision if a hearing is requested, is inconsistent with § 303(a) (1) of the Social Security Act. *Java, supra.*

As previously indicated, the court will also consider the supplemental motion with regard to the intervening plaintiff, Essie B. Burney, and the subclass which she seeks to represent. Based upon the stipulations of fact filed September 21, 1971 and September 29, 1971 and plaintiffs' Request for Admissions filed July 8, 1971 which must be considered as admitted since no timely response was filed, Essie B. Burney is an adult citizen of the United States and the State of Indiana and is a resident of Fort Wayne, Indiana. On January 7, 1971, she applied and was declared eligible for unemployment compensation insurance benefits by defendants, and she received her first benefits late in January 1971. Her eligibility resulted from employment at the Holiday Inn which had been terminated on December 27, 1970. By notice dated March 26, 1971, plaintiff Burney was advised by a deputy that her benefits were suspended as of the week ending March 27, 1971 because she limited and restricted the hours for which she was available for work. Plaintiff Burney was thus held unavailable for work by the deputy pursuant to § 52–1542a(d) as of the week ending March 27, 1971 and until such time as she entered the labor market and became available for all shifts of

work. The deputy's conclusion was based upon Mrs. Burney's failure to accept employment as a dishwasher from 5:00 p. m. to 2:00 a. m. because of transportation difficulties. The benefits were terminated without a prior hearing.

On August 11, 1971, plaintiff Burney moved for a preliminary injunction to prevent defendants from terminating, suspending, withholding, or reducing unemployment compensation benefits without a prior due process hearing. In their memorandum in support of the motion for a preliminary injunction, plaintiffs state that the facts concerning intervening plaintiff Burney and the subclass which, like her, had benefits terminated, withheld, or reduced because of an administrative determination of ineligibility require a constitutional decision based on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). On the other hand, plaintiffs contend that plaintiff Hiatt's factual situation presents a "when due" issue controlled by *Java, supra.* However, plaintiffs concede that

> [i]n the alternative, this court could decide that this aspect of the case [the intervening complaint of plaintiff Burney] is also controlled by *Java* and benefits are "due" after a determination of eligibility until such time as a due process hearing is held and a decision issued finding the claimant no longer eligible.

Plaintiffs seeks to establish two subclasses in their class action. First, plaintiff Hiatt allegedly represents a subclass having benefits suspended and withheld because of an employer's appeal after a determination of eligibility. Second, plaintiff Burney allegedly represents a subclass having benefits terminated, withheld, or reduced because of an administrative determination of ineligibility after an original determination of eligibility.

Both plaintiff Hiatt and plaintiff Burney represent a general class of people who have been or will be determined by defendants to be eligible for unemployment compensation benefits, and who have had or will have such benefits terminated, withheld, suspended, or reduced without a prior, due process hearing. The reason for such termination, withholding, or reduction of benefits, whether an appeal by the employer under § 52–1542a(e) or a subsequent weekly determination of ineligibility by a deputy under § 52–1542a (d), does not affect the basis of the court's findings under the facts here presented. Both plaintiffs Hiatt and Burney were determined to be eligible by defendants and were receiving benefits pursuant to Indiana's unemployment compensation program.

■■ Even though defendants review on a weekly basis the eligibility of a claimant, the court finds that the concept of when benefits are "due" under the Social Security Act does not change from week to week after a claimant has been found eligible and no prior, due process hearing has been held with regard to a subsequent finding of ineligibility. The court thus finds that plaintiff Burney's benefits were "due" and could not be summarily suspended due to a deputy's determination of ineligibility under § 52–1542a(d). Having been found eligible pursuant to the procedures set forth in § 52–1542a, plaintiff Burney was entitled to benefits until defendants afforded her a hearing. To conclude otherwise would frustrate the purpose of early substitute compensation during unemployment under § 303(a) (1) of the Social Security Act. *See Java, supra* 91 S.Ct. at 1355.

The court makes no finding with regard to those claimants who are initially determined to be ineligible for unemployment compensation benefits without a prior hearing, since no plaintiff is now before the court who was initially determined to be ineligible.

The above holding, based on *Java,* makes it unnecessary to reach the constitutional issue involved in *Goldberg, supra,* and relied upon in Crow v. California Dep't of Human Resources, 325 F. Supp. 1314 (N.D.Cal.1970). The motion for summary judgment is granted.

## DECREE AND INJUNCTION

1. It is considered, ordered, adjudged, and declared that Ind.Ann.Stat. § 1542a (e) (Burns 1970 Supp.), insofar as it provides that

[i]n the event that a hearing is requested, the payment of any disputed benefits with respect to the period prior to the final determination or decision shall be made only after such determination or decision

is inconsistent with § 303(a) (1) of the Social Security Act and therefore invalid.

2. It is considered, ordered, adjudged, and declared that the practice of terminating, suspending, withholding, and reducing unemployment compensation benefits without a prior, due process hearing, after a claimant has been previously determined eligible, is inconsistent with § 303(a) (1) of the Social Security Act.

3. Accordingly, the defendants, their successors in office, their agents and employees are enjoined from terminating, withholding, suspending, and reducing the unemployment compensation benefits due plaintiff Hiatt and members of the class solely because of an employer's appeal following a determination of a claimant's eligibility for benefits, whether such determination of eligibility be made at the time of the initial application or pursuant to a decision on appeal, without providing a prior, due process hearing.

4. Further, the defendants, their successors in office, their agents and employees are enjoined from terminating, withholding, suspending and reducing the unemployment compensation benefits of plaintiff Burney and members of the class, who have been determined eligible and subsequently ineligible pursuant to an administrative decision, without a prior due process hearing.