Augustus Daniels, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eugene F. Zenobi,* with him *Alan N. Linder, J. Richard Gray* and *James Breslauer,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 3, 1973:

We are here confronted with the question of whether a recoupment of certain unemployment compensation benefits, allegedly erroneously paid to Augustus Daniels (claimant) by reason of his fault, can be achieved by deducting a sum equal to the amount of overpayment from future compensation payable and due the claimant, without his being afforded an evidentiary hearing on the question of fault, comporting with due process requirements, *before* the deduction from benefits. We conclude that such a hearing is constitutionally required and accordingly this case must be remanded.

The claimant had been employed by J. A. Jones Construction Company, Mt. Holly Springs, Pennsyl-

vania, and his last day of work with this company was February 15, 1972. An application for unemployment compensation benefits had previously been filed by the claimant qualifying him for weekly benefits in the amount of $93.00. The claimant reopened his claim on February 16, 1972 and, commencing on February 29, 1972, he received $93.00 each week for four weeks. The claimant worked March 27, 1972 for Thomas A. Armbruster and earned $105.70. His separation from Armbruster was not due to conditions that were of a disqualifying nature. The payment of March 28, 1972 was $22.00 because claimant had reported his earnings of $105.70.

On April 17, 1972, the Bureau of Employment Security (Bureau) issued a determination which held the claimant ineligible for unemployment compensation benefits under the provisions of Sections 401(f) and 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §§801(f), 802(e), in that the claimant did not earn six times his weekly benefit rate after having been separated due to willful misconduct in connection with his work with the J. A. Jones Construction Company.

Significantly, claimant did not appeal from the determination of April 17, 1972, and it became final on April 27, 1972. A consequence of this determination was that an overpayment of $208.00 had been made to claimant. On June 28, 1972, claimant was notified that he had received $208.00 in benefits to which he was not entitled and, as a result, a fault overpayment had been established. Claimant appealed from this determination on July 6, 1972. However, prior thereto the Bureau withheld three checks totaling $208.00 from claimant. These checks were due claimant for the weeks ending June 20, 1972, June 27, 1972, and July 4, 1972.

Section 804 of the Unemployment Compensation Law, 43 P.S. §874, relating to recovery and recoupment of compensation benefit payments, in pertinent part provides:

"(a) Any person who *by reason of his fault* has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him. Such sum shall be collectible (1) in the manner provided in . . . this act for the collection of past due contributions, or (2) by deduction from any future compensation payable to the claimant under this act.

. . . .

"(b) Any person who *other than by reason of his fault* has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year.

. . . .

"The claimant and other affected parties shall be notified in writing of the department's determination to deduct any sum from future compensation under this section, and such determination shall be subject to appeal in the manner provided in this act for appeals from determinations of compensation." (Italics supplied.)

Illegally received unemployment compensation benefits within the provisions of Section 804(a) are usually characterized as *fault payments* while those within Section 804(b) are characterized as *nonfault payments.*

The determination of ineligibility given by the Bureau on April 17, 1972 to the claimant did not consti-

tute a finding or determination of fault payment. *Penn-sylvania Department of Labor and Industry v. Yodis,* 37 Pa. D. & C. 2d 358 (1964). Rather, it was the Bureau's letter of June 28, 1972 wherein claimant was advised that the overpayments were fault payments. This determination triggered the withholding of $208.-00 from the claimant and was made without claimant's being afforded, on the question of fault, an evidentiary hearing which would satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Such a withholding was constitutionally impermissible. *California Department of Human Resources Development v. Java,* 402 U.S. 121, 91 S. Ct. 1347, 28 L. Ed. 2d 666 (1971); *Goldberg v. Kelly,* 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970); *Sniadach v. Family Finance Corporation of Bay View,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969); *Wheeler v. State of Vermont,* 335 F. Supp. 856 (D. Vt. 1972); *Hiatt v. Indiana Employment Security Division,* 347 F. Supp. 218 (N.D. Ind. 1971).

Since claimant did not appeal the Bureau's April 17, 1972 determination of ineligibility, and because a setoff by deduction from any future compensation payable to the claimant for illegally received benefits is an enforcement procedure which may be invoked by the Bureau under Section 804 as to fault and nonfault payments, we will not here direct payment to the claimant of the $208.00 withheld from him.

Our remand of this case to the Bureau for the purpose of determining, after hearing, the fault or nonfault nature of benefit payments received by claimant should not be construed to imply that we are sanctioning a collateral attack upon the Bureau's determination of ineligibility from which a right of appeal did exist. The administrative determination and appeal provisions of the Act with respect to this particular type of

determination are exclusive and not subject to collateral attack. Section 509 of the Unemployment Compensation Law, 43 P.S. §829. In the present posture of this case we are without jurisdiction to review the eligibility determination of April 17, 1972. *See Commonwealth v. Lentz,* 353 Pa. 98, 44 A. 2d 291 (1945).

Claimant asserts that the "fault" guideline utilized in Section 804 is void for vagueness under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and violates Article II, Section 1, of the Pennsylvania Constitution. We have carefully considered this contention and find it without merit. In *Mills Unemployment Compensation Case,* 164 Pa. Superior Ct. 421, 65 A. 2d 436 (1949), *rev'd on other grounds,* 362 Pa. 342, 67 A. 2d 114 (1949), the Superior Court considered the meaning of the word "fault" and succinctly enunciated its meaning as follows : " 'Fault' is more than volition, more than a voluntary act. Whether its lexical[2] or legal[3] meaning be consulted, 'fault' always connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches. Unless the word be given that meaning in the reading of the Act, there is no area in which 'good cause' can operate. If fault means any voluntary act of the employe by which employment is severed, the cause for the separation, however good, will not avail. Even if 'fault,' as it stood in the Act as originally enacted, could have meant any voluntary act, the amendment which introduced good cause into the law must

---

[2] "Fault: A failing; a defect in quality or constitution; as an imperfection in character or disposition; specif., a blameworthy moral weakness less serious than a vice. . . . A failure to do what is right. Specif. A moral transgression, a sin. . . . Wrongdoing of a venial nature; a misdemeanor. . . . Mistake, error. . . . Responsibility for wrongdoing or failure; culpable cause." Webster.

[3] 35 C. J. S., p. 755, where many judicial definitions of "fault" are collected.

be taken to have modified and limited its original meaning. We conclude that although claimant's unemployment resulted from her voluntary act, she was not unemployed through her own fault, a blameworthy act, but was justified by good cause." *Id.* at 426-27, 65 A. 2d at 439.

Likewise, we do not find "fault," a blameworthy act, to be such an indefinite and vague word as to be constitutionally defective.

Following the Bureau's determination, after hearing, of the fault or nonfault nature of benefit payments received by claimant, claimant would be entitled to the appeal and review procedures specifically provided by Section 804.

For the foregoing reasons, we make the following

### ORDER

AND NOW, October 3, 1973, the Bureau of Employment Security's determination of Fault Overpayment under date of June 28, 1972 is hereby set aside and the record is remanded to the Bureau of Employment Security for a hearing and determination of the fault or nonfault nature of the benefit payments received by Augustus Daniels, such further proceedings to be consistent with this opinion.