Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Robert E. Chernicoff,* Assistant Attorney General, for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 7, 1979:
This is a case of first impression involving a very narrow issue. Does Section 804(b) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(b), which deals with the problem of non-fault overpayments, require that recoupment of these overpayments be restricted to a maximum of one-third of a claimant's benefits (benefits to which he is entitled from a subsequent and separate unemployment claim, which occurs during the same year as the overpayment) or may the recoupment be total. The Unemployment Compensation Board of Review (Board) found recoupment was limited to one-third of claimant's check. We affirm the Board.

Kenneth John Austin (claimant) received unemployment benefits for the weeks ending February 15, 1975 through April 5, 1975 inclusive. This determination was appealed by his employer and the referee reversed, finding claimant ineligible for benefits for the same weeks. This decision was not appealed. As a result, the Bureau of Employment Security (Bureau) ruled on June 30, 1975 that the $568.00 paid to the claimant for those weeks represented a non-fault overpayment pursuant to Section 804(b) of the Law.

Claimant got another job and through no fault of his own lost it. He again became eligible for unemployment benefits of $71.00 for the week of September 27, 1975. On October 2, 1975, the Bureau determined that all of the claimant's $71.00 benefit check would be applied to the non-fault overpayment, leaving him a take-home balance of zero. Claimant appealed and on January 26, 1976 the referee modified the Bureau's decision, by saying that the $71.00 recoupment could stand, but any future payments could only be recouped by one-third. This was appealed by the Bureau to the Board. On October 13, 1977, the Board affirmed the referee and added also that the one-third recoupment formula should also apply to the $71.00 payment for the week of September 27, 1975. This appeal followed.

The problem is one of semantics. Section 804(b) of the Law provides in pertinent part that:

(b) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year: Provided, That

with respect to overpayments of one hundred dollars or more, recoupment from such future compensation shall not exceed one-third of the maximum benefit amount to which such person is entitled during any such subsequent benefit year nor one-third of the weekly benefit amount to which such person may be entitled for any particular week. . . .

The Bureau would have us believe that taken as a whole the sentence

That with respect to overpayments of one hundred dollars or more, recoupment from such future compensation shall not exceed one-third of the maximum benefit amount to which such person is entitled during any such subsequent benefit year nor one-third of the weekly benefit amount to which such person may be entitled for any particular week. . . .

means that the one-third restriction only applies to *subsequent benefit years* and not to the current benefit year if the overpayment occurred during that year. On the other hand the Board maintains that the last clause "nor one-third of the weekly benefit amount to which such person may be entitled for any particular week" modifies the subject recoupment and therefore the phrase "any particular weeks" is not limited to "any particular weeks" in subsequent years. We are inclined to agree with the Board. Granted, the sentence is run on and confusing, but the Bureau, on the back of its own form (number UC-44(13)) entitled Notice of Deduction For A Previously Determined Overpayment has paraphrased Section 804(b) for the benefit of the lay person:

If the overpayment amounts to $100.00 or more, not more than one-third of the maximum benefit amount to which the claimant is entitled may be deducted in any one benefit year, nor

can more than one-third of the weekly benefit amount to which a claimant is entitled be deducted in any one week.

The adjective "subsequent" which modified "year" in the statute has been omitted. Here the *Bureau's own interpretation of the statute in question* makes it quite clear that the one-third formula applies across the board—to all benefit years.

The Bureau's reliance on *Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973) is misplaced. That case involved primarily the question of whether the claimant was entitled to a due process hearing on the question of the fault or non-fault nature of payments received by the claimant. The fact that this Court did not order repayment of the $208 payment (which was improperly withheld from the claimant by deduction from future payments because no due process hearing was held) is not even a dicta statement that the *entire* amount must be withheld after the hearing if a finding of non-fault payment rather than fault payment were made.

The Bureau sets forth various arguments in an attempt to show some logic in a statute which would deny a *non*-fault claimant any benefits in one year and reinstate most of them the next. We see no logic in it and therefore find for the Board.

Accordingly, we will enter the following

ORDER

AND Now, March 7, 1979, the order of the Unemployment Compensation Board of Review dated October 13, 1977, number B-150150 which affirmed the referee and instructed that only one-third of claimant's benefits for the week ending September 27, 1975, be applied to the overpayment is affirmed.