Augustus Daniels, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1983, to President Judge Crumlish, Jr. and Judges MacPhail and Doyle, sitting as a panel of three.

*Anthony B. Rearden, III, Herman & Associates Legal Clinic,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, September 21, 1983:

This is an appeal by Augustus Daniels (Claimant) of an order of the Unemployment Compensation Board of Review ((Board) which reduced Claimant's benefits for a non-fault overpayment pursuant to Section 804(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended* 43 P.S. §874(b). We affirm.

Claimant filed an application for benefits with an effective date of November 2, 1980. Following the filing of that application, the Office of Employment Security (OES) obtained additional information regarding Claimant's reported wages and on November 12, 1980 issued a determination reducing Claimant's financial eligibility status. As Claimant had received unemployment benefits during various periods in 1979 which had been calculated according to the incorrect financial eligibility figures, the OES also determined that Claimant had received a non-fault overpayment subject to recoupment under Section 804(b) of the Law, 43 P.S. §874(b). The record indicates that Claimant did not appeal these determinations and they became final on November 28, 1980. On December 18, 1980, the OES issued a "Notice of Deduction for a Previously Determined Overpayment" declaring that one-third of the benefits awarded pursuant to the November 2, 1980 application, for the week ending November 29, 1980, was to be applied to the previous overpayment. This reduced Claimant's benefits for that single week from $162.00 to $108.00. Claimant filed a timely appeal. The matter was heard by a referee who affirmed the determination by OES. Claimant appealed to the Board which on April 8, 1981 affirmed the referee. Appeal to this Court followed.

The single issue in this case is whether Claimant was entitled to a hearing prior to the reduction of his unemployment benefits.

First, Claimant argues that, under *Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973),[1] he was entitled to a hearing to determine whether the over-

---

[1] The Claimant in *Daniels* was the same Augustus Daniel who appeals here.

payment was a fault or non-fault overpayment. *Daniels* is inapposite. In that case, a reduction in benefits was effected before the Claimant had an opportunity to challenge, by appeal, the merits of a determination that a fault overpayment had been made. In the case *sub judice,* Claimant had the opportunity to appeal the merits of the overpayment determination but did not. Consequently the determination of a non-fault overpayment here became final *prior* to the reduction of benefits.

Next, Claimant argues that he was entitled to a hearing to determine whether or not the overpayment should be recouped from his future benefits. As we noted in *Daniels,* a setoff by deduction from any future compensation payable to the claimant for overpayments is an enforcement procedure available under the Law once an overpayment determination has been made and litigated to finality. *See id.* As noted above, the overpayment determination in this case became final before the reduction in benefits was effected. There was therefore no further issue to be litigated prior to the administrative step of applying the enforcement provision.

Claimant also argues that the failure to afford him a hearing prior to reducing his benefits violated the Social Security Act[2] and also violated the guarantee of due process in the fourteenth amendment. Claimant urges that since a determination had been made that he was eligible, under the November 2, 1980 application for benefits, to $162.00 a week, he was *entitled* to $162.00 for the week ending November 29, 1980 and could not be deprived of any portion of that entitlement without a prior hearing directed to that

---

[2] 49 Stat. 620 (1935) (generally dispersed throughout Title 42 U.S.C.).

deprivation. Claimant argues that once the eligibility determination was made, the $162.00 for the week in question became due and the failure to provide a hearing therefore violated the provisions of the Social Security Act which direct states to employ "[s]uch methods of administration . . . to be reasonably calculated to insure full payment of unemployment compensation when due. . . ." 42 U.S.C. §503(a)(1) (1976). We disagree. Unemployment compensation payments are *due* at the close of the week for which they represent compensation, not at the moment of determination of eligibility. Claimant finally argues that the failure to provide a hearing prior to reducing his benefits constituted a deprivation of property without due process of law. This argument must also fail. We note first that a determination of eligibility gives rise to only a conditional entitlement to weekly benefits, subject to cessation if a claimant subsequently becomes reemployed. The entitlement is also subject to other subsequent determinations by the compensation authorities which alter a claimant's eligibility status. Therefore, as noted above, while no alteration of a claimant's eligibility status can be effected without affording due process, once eligibility status is altered with finality, the recalculation of benefits becomes a ministerial act. As noted above, Claimant here had every opportunity to litigate the right of the Board to alter his eligibility status by an appeal of the overpayment determination. Any procedural due process guaranteed by the fourteenth amendment or reasonable method of administration directed by the Social Security Act was afforded in the availability of appeal procedures[3] from the overpayment determination. No appeal from that determination was taken and when

---

[3] Under Section 804(b)(2), 43 P.S. §874(b)(2).

it became final, the Board's authority to reduce benefit payments was established. As there were no further issues to litigate, no further process was due.

### ORDER

Now, September 21, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-194212, dated April 8, 1981 is hereby affirmed.