Joseph L. Rozanc *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Joseph L. Rozanc, Appellant.

Argued October 28, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Robert L. Johnson,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, December 7, 1976:

Appellant filed an application for unemployment compensation benefits with the Bureau of Employment Security (Bureau) and drew $2,139.00 in benefits during a 23 week period in 1973. On March 27, 1974, the Bureau issued a determination that the appellant had been ineligible for the benefits received because he had been a one-third (1/3) owner of the business that he had listed as his last employer. No appeal was taken from this determination.

On May 30, 1974, the Bureau issued a determination that the overpayment to the appellant had been a "fault overpayment" within the meaning of Section 804(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §874. Under Section 804(a) the Bureau can recoup "fault overpayments" either directly from the appellant or by deducting them from any future compensation payable to him under the Act. Under Section 804(b), however, liability for "nonfault overpayments" is limited to deductions from future benefits.

Appellant took a timely appeal from the determination of fault and a hearing was held before an unemployment compensation referee on June 24, 1974. The referee found that no partnership existed, that appellant was an employee and, therefore, there was no overpayment. It necessarily follows that since the referee found no overpayment, the issue of fault was never reached.[1]

The decision of the referee was reversed by the Unemployment Compensation Board of Review (Board) reinstating Bureau's determination that the

---

[1] The referee did make a finding of fact that appellant "did not intend to defraud the Bureau nor to accept anything to which he was not entitled."

overpayment was a "fault overpayment." The Board found that since the claimant did not appeal the Bureau's initial determination of ineligibility on March 27, 1974, recoupment under Section 804(a) was proper. We disagree and reverse and remand for a determination of the issue of fault.

The Board was correct when it stated that the issue of overpayment was not before the referee. As Judge BLATT wrote in *Jones v. Unemployment Compensation Board of Review,* 21 Pa. Commonwealth Ct. 250, 252, 344 A.2d 287, 288 (1975):

> [B]ecause there was a right of appeal from the Bureau's determination of ineligibility such a determination could not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient. We cannot now, therefore, disturb the prior Bureau determination, and it must be considered final and conclusive on the issue of ineligibility.

The Board was in error, however, in equating a determination of overpayment with a determination of fault. *Daniels v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973). Nowhere in its findings of fact, discussion, or conclusions of law did the Board address the issue of fault. The mere fact that the appellant applied for the undeserved benefits does not in itself create a "fault overpayment." The Board must find more than a voluntary act to support a finding of fault; it must determine whether "blame, censure, impropriety, shortcoming, or culpability attaches" to the appellant. *Daniels, supra,* 10 Pa. Commonwealth Ct. at 246, 309 A.2d at 742. Since the Board failed to do so, its determination cannot stand, and we must remand the case for a finding on the issue of fault.[2]

---

[2] In making such a finding, evidence as to whether appellant was an employee or partner is relevant. While the determination

Accordingly, we will enter the following

ORDER

Now, December 7, 1976, the order of the Unemployment Compensation Board of Review, dated March 9, 1976, ordering recoupment under Section 804(a) of the Unemployment Compensation Law is reversed and the record is remanded for a determination of the fault or nonfault nature of the benefits received by the appellant.

---

of ineligibility is final, the referee is not precluded from examining the factual premises upon which the ineligibility determination was based, when such evidence is also relevant to the issue of fault. It is the ineligibility determination that cannot be collaterally attacked.