Andrew Celia, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 6, 1978:

Andrew Celia (claimant) appeals here from a determination by the Unemployment Compensation Board of Review (Board) that he is liable for a fault overpayment of unemployment compensation benefits because he did not notify the Bureau of Employment Security of his application for Social Security disability benefits.

On November 20, 1974, subsequent to his being laid off by his employer, the claimant filed an application for and was granted unemployment compensation benefits by the Bureau of Employment Security (Bureau). On December 30, 1974, he applied for Social Security disability benefits, and these were approved in February 1975, retroactive to the application date. Claimant so notified the Bureau on March 3, 1975 whereupon the Bureau terminated his benefits as of February 15, 1975 holding that he was unavailable for work and therefore ineligible under Section 401(d) of the Unemployment Compensation Law[1] (Act), 43 P.S. §801(d). Claimant's ineligibility for benefits

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

from November 23, 1974 through March 22, 1975 was affirmed upon appeal to the referee and was not appealed. A subsequent determination was made by the Bureau, however, that the overpayment of benefits which the claimant had received and to which he had not been entitled, was a "fault overpayment" under Section 804(a) of the Act, 43 P.S. §874, and this determination was affirmed on appeal following a hearing before a referee who found that:

> [t]he claimant's overpayment was the result of his failure to properly inform the Bureau that he had filed for Social Security disability benefits on December 30, 1974, which was approved and as a result he was found not able and available for work.

On appeal to the Board, this determination was modified, establishing a Section 804(b)[2] "non fault overpayment" for the period prior to December 30, 1974, and a Section 804(a)[3] "fault overpayment" for the period subsequent thereto. Upon request for reconsideration, the Board vacated its decision and granted

---

[2] Section 804(b) of the Act provides as follows:

(b) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year. . . .

43 P.S. §874(b).

[3] Section 804(a) of the Act provides as follows:

(a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him.

43 P.S. §874(a).

oral argument, but it later issued an order reinstating its prior decision. This appeal followed.

The claimant argues that it was an error of law for the Board to determine that the overpayment subsequent to December 30, 1974, is a "fault overpayment" merely because he had applied for Social Security benefits on that date. He contends that there is no rule requiring him to report to the Bureau that he had applied for such benefits and that there is no evidence in the record to indicate that he misled the Bureau in any way.

This Court has recently held in *Rozanc v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 369, 371, 366 A.2d 611, 612 (1976) that a conclusion of "fault overpayment" must be accompanied by a finding of more than an application for other benefits:

> The mere fact that the appellant applied for the undeserved benefits does not in itself create a 'fault overpayment.' The Board must find more than a voluntary act to support a finding of fault; it must determine whether 'blame, censure, impropriety, shortcoming, or culpability attaches' to the appellant. Daniels v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 241, 246, 309 A.2d 738, 742 (1973).

There are no such findings here. The record shows that, after receiving notice that he had been granted Social Security disability benefits, the claimant promptly notified the Bureau, and it contains no evidence whatever that he was required to inform the Bureau at any earlier date. We believe, therefore, that the Board's decision that the overpayment subsequent to December 30, 1974 was a "fault overpayment" must be reversed.

The claimant did not appeal the referee's determination of his ineligibility during the period he had received benefits between November 30, 1974 through February 15, 1975; the finding of an overpayment of $1241.00 is therefore binding. *See Rozanc, supra,* and *Jones v. Unemployment Compensation Board of Review,* 21 Pa. Commonwealth Ct. 250, 344 A.2d 287 (1975). This overpayment, however, as indicated above, must not be considered to be a "fault overpayment" and under Section 804(b) of the Act, 43. P.S. §874(b) this claimant's liability for "nonfault overpayment" is limited to deductions from future benefits.

ORDER

AND Now, this 6th day of April, 1978, the order of the Unemployment Compensation Board of Review, dated December 2, 1976, ordering recoupment of fault overpayments of unemployment compensation benefits is hereby reversed and liability of Andrew Celia for the overpayment of $1241.00 is hereby limited to deductions from future benefits.