**Nora BURLEY, Petitioner,**

**v.**

**Pennsylvania DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 2001.
Decided May 10, 2001.

Jean S. Best, New Castle, for petitioner.

Jeffrey P. Schmoyer, Pittsburgh, for respondent.

Before McGINLEY, Judge, FRIEDMAN, Judge, and LEDERER, Senior Judge.

FRIEDMAN, Judge.

Nora Burley (Burley) appeals from an order of the Pennsylvania Department of Public Welfare (DPW), Bureau of Hearings and Appeals (BHA), which adopted, in its entirety, a BHA hearing official's recommendation to deny Burley's appeal of a DPW decision. In that decision, DPW held that benefits awarded to Burley pursuant to Act 534 [1] (Act 534 benefits) should be reduced by the $7,707.00 in benefits that Burley received under the unemployment compensation (UC) Law [2] (UC benefits).

Burley worked for the New Castle Youth Development Center (YDC). On April 15, 1996, Burley suffered an injury to

---

1. Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §§ 951–52.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

her right rotator cuff, both knees and low back. (Hearing Official's Findings of Fact, No. 1.) Although Burley was able to work modified duty after her injury, YDC did not make a modified duty position available to her. (Hearing Official's Findings of Fact, No. 2.) Consequently, Burley did not work from July 10, 1996 through July 15, 1997. (Hearing Official's Findings of Fact, No. 3.)

As a result of her injury, Burley filed for benefits under the workers' compensation (WC) Act[3] (WC benefits) and Act 534. DPW, however, denied both requests on the grounds that there was insufficient medical evidence to establish a connection between Burley's injury and her employment. (Hearing Official's Findings of Fact, No. 5.) Burley appealed the denial of WC benefits to the Bureau of Workers' Compensation (Bureau). (Hearing Official's Findings of Fact, No. 6.) She also appealed the denial of Act 534 benefits to the BHA. (Hearing Official's Findings of Fact, No. 6.)

While her claim for WC benefits was pending before the Bureau, Burley and DPW settled her Act 534 appeal (Act 534 Settlement) by agreeing that they would be bound by the decision of the WC judge (WCJ) as to whether Burley's disability was related to her employment. (Hearing Official's Findings of Fact, No. 8.) In addition, Burley applied for, and received, UC benefits in the amount of $7,707.00, representing twenty-one weeks of benefits from the week ending February 22, 1997[4] to the week ending July 12, 1997. (Hearing Official's Findings of Fact, No. 7.)

Ultimately, the WCJ found that Burley's injury was related to her employment and awarded Burley WC benefits. (Hearing Official's Findings of Fact, No. 10.) Consequently, pursuant to the Act 534 Settlement, Burley also received her full, pre-injury salary under Act 534. However, because Burley was receiving these Act 534 benefits, YDC's workers' compensation carrier, PHICO, paid the full amount of Burley's WC benefits to the Commonwealth of Pennsylvania (Commonwealth); PHICO took no offset for the UC benefits previously paid to Burley. (Hearing Official's Findings of Fact, Nos. 11, 15; *see* 61 P.S. § 951, Burley's brief at 9.)

Eventually, based on the Act 534 Settlement, DPW authorized the payment to Burley of Act 534 benefits for the period of July 10, 1996 through July 15, 1997. (Hearing Official's Findings of Fact, No. 12.) However, in computing the amount of benefits owed to Burley, DPW, through the Office of the Budget, reduced Burley's Act 534 award by $7,707.00, the amount that she received in UC benefits, and reimbursed this amount to the UC Trust Fund. (Hearing Official's Findings of Fact, Nos. 13–14.)

Burley then filed an appeal with the BHA, seeking repayment of the $7,707.00 deducted from her Act 534 award. Specifically, Burley asserted that the $7,707.00 in UC benefits should have been deducted from her WC benefits rather than her Act 534 benefits and that she remained entitled to her full salary under Act 534.

A BHA hearing official performed an administrative review of Burley's appeal[5] and concluded that the "timing and

---

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

**4.** The Hearing Official's Findings of Fact do not state why Burley applied for benefits as of February 22, 1997.

**5.** No administrative hearing was held because the parties stipulated to the facts.

source" of the UC deduction were unimportant. According to the hearing official, the Commonwealth was entitled to reimbursement for the UC benefits and, relying on 61 P.S. § 951, the hearing official stated the reimbursement could be taken from any salary then or thereafter due and owing. Additionally, the hearing official noted that, because of an administrative error, Burley's UC benefits were never deducted from her WC award, and, had she not subsequently been "awarded" Act 534 benefits, Burley would have retained both her UC and WC benefits. The hearing official concluded that because Burley was awarded her full salary under Act 534, DPW could deduct her UC benefits from her Act 534 award. Accordingly, the hearing official recommended that Burley's appeal be denied. On May 30, 2000, the Director of the BHA issued an order adopting, in its entirety, the hearing official's recommendation.

Burley now appeals this order to our court.[6] The sole issue before us is whether DPW could deduct the $7,707.00 which Burley received in UC benefits from her Act 534 award.

■ Burley does not dispute that she received $7,707.00 in UC benefits and that this money should be reimbursed to the UC Trust Fund. Instead, she contends the argument centers on who should take a credit for, and make the reimbursement of, the UC benefits. Burley argues that, pursuant to section 204 of the WC Act, 77 P.S. § 71(a), PHICO should have offset the UC benefits from Burley's WC benefits before paying the WC benefits to the Commonwealth. Burley asserts that, because Act 534, unlike the WC Act, contains no language authorizing the deduction of the

amount of UC benefits, she should receive her full salary without offset. We agree.

■ The purpose of Act 534 is to assure that those who undertake employment in certain state institutions will be fully compensated in the event they are disabled as the result of an act of a person confined in such institution. *Mihok v. Department of Public Welfare,* 670 A.2d 227 (Pa.Cmwlth. 1996). As such, section 1 of Act 534 provides, in pertinent part,

Any employe of a . . . Youth Development Center under the Department of Public Welfare, who is injured during the course of his employment by an act of any inmate or any person confined in such institution . . . shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department . . . at a salary equal to that earned by him at the time of his injury.

61 P.S. § 951. Act 534 further provides, During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania *any workmen's compensation* received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing.

61 P.S. § 951 (emphasis added).

Compare this with section 204 of the WC Act, which states, in pertinent part, "if the employe receives *unemployment compensation benefits,* such amount or amounts so received shall be credited as

**6.** Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

against the amount of the award made under the provision[ ] of section[ ] ...306 [7] ...." 77 P.S. § 71(a) (emphasis added). The purpose of this section is to prevent a double recovery. *See Ferrero v. Workers' Compensation Appeal Board (CH & D Enterprises)*, 706 A.2d 1278 (Pa.Cmwlth. 1998), *appeal dismissed as improvidently granted*, 556 Pa. 97, 726 A.2d 1058 (1999).

 Also relevant here is section 804 of the UC Law, 43 P.S. § 874. That section provides, in pertinent part,

(a) Any person who by reason of his fault has received any sum as compensation under [the UC] act to which he was not entitled, [sic] shall be liable to repay to the Unemployment Compensation Fund...a sum equal to the amount so received by him and interest....

(b)(1) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future [UC] compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year....

43 P.S. § 874(a), (b)(1). Thus, the threshold issue in determining whether one must make a repayment of UC benefits is whether one is at fault for the overpayment.[8] Due process requires an evidentiary hearing on the issue of fault before requiring a recipient to repay an overpayment, *Daniels v. Unemployment Compensation Board of Review*, 10 Pa.Cmwlth. 241, 309 A.2d 738 (1973), and it appears no such hearing was held.[9] Nevertheless, it is important to note that the UC Law specifically delineates those situations where a recipient of UC benefits is liable to repay those benefits and those situations where overpayment merely is deducted from future UC benefits.[10]

Here, the BHA hearing official stated that the Commonwealth is entitled to reimbursement of the UC payments made to Burley and, relying on 61 P.S. § 951, stated that the reimbursement of the UC payments can be taken from any salary then or thereafter due and owing. The hearing official, relying on 77 P.S. § 71, also stated that, because Burley was awarded her full salary under Act 534, the Commonwealth could deduct her UC benefits from this award. However, these provisions do not provide this authority.

 Contrary to the hearing official's statement, 61 P.S. § 951 does not authorize a deduction from an employee's salary *for UC benefits*; rather, that provision ad-

---

7. Burley was awarded WC benefits pursuant to section 306. (Burley's brief at 8.)

8. The word fault, as used in this section, "connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches. To find 'fault,' there must be some finding by the [UC] referee or Unemployment Compensation Board of Review concerning claimant's state of mind." *Teitell v. Unemployment Compensation Board of Review*, 118 Pa.Cmwlth. 406, 546 A.2d 706, 710 (1988) (citations omitted).

9. Although this issue is not before us, it is probable that Burley is not at fault. *See Celia*

*v. Unemployment Compensation Board of Review*, 34 Pa.Cmwlth. 532, 383 A.2d 1318 (1978) (holding that the mere application for other benefits is not "fault"). Thus, Burley would *not* be liable to repay the $7,707.00; rather, she would be liable to have that amount deducted from future UC benefits owed to her. *See* 43 P.S. § 874(b)(1).

10. Compare 43 P.S. § 874(a) (repayment required where recipient at fault) and 43 P.S. § 874(b)(3) (repayment required where recipient receives back wage award) with 43 P.S. § 874(b)(1) (repayment not required where recipient not at fault).

dresses WC payments only. Similarly, 77 P.S. § 71 provides no authority for deducting UC payments *from a salary paid pursuant to Act 534;* rather, that section of the WC Act only authorizes the offset of UC payments against WC benefits.[11] Thus, under the applicable statutory authority, the only set-off permitted under the circumstances here is to offset Burley's UC benefits from her WC benefits pursuant to section 204 of the WC Act, 77 P.S. § 71(a). However, through no fault of Burley's, the WC carrier failed to make such an offset. Had Burley not received Act 534 benefits, this offset would be "lost."[12] DPW and its WC carrier, PHICO, should not be able to correct their mistake through the lucky coincidence of Burley being awarded Act 534 benefits.

Nevertheless, DPW asserts that the UC benefits must be deducted from the Act 534 award to avoid a double recovery, contending that, otherwise Burley will be unjustly enriched. We disagree.

Each of the statutes at issue here, Act 534, the WC Act and the UC Law, has provisions to prevent a double recovery under certain circumstances.[13] Although Act 534 has a provision to prevent a double recovery in situations involving WC benefits, it does not contain a similar provision relating to UC benefits. It is a principle of statutory construction that where certain things are specifically designated in a statute, all omissions should be understood as exclusions. *Latella v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 14, 459 A.2d 464 (1983). Moreover, this court should be reluctant to add to a statute a requirement that the legislature did not see fit to include. *See Dively v. Unemployment Compensation Board of Review,* 720 A.2d 777 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 694, 739 A.2d 1059 (1999). Thus, Act 534 does not permit DPW to offset Burley's UC benefits from her Act 534 award.[14]

Accordingly, we reverse.

11. The hearing official also refers to 43 P.S. § 864 as applicable law. However, this is inapposite. That section deals with an employer who makes a deduction for UC benefits from a back wage award. This case does not involve a back wage award.

12. Of course we recognize, however, that these UC benefits would be deducted from any future UC benefits owed to Burley with respect to the same benefit year or the three-year period immediately following that benefit year. *See* 43 P.S. § 874(b)(1).

13. *See e.g.,* section 1 of Act 534, 61 P.S. § 951 (requiring that, during the time which an employee receives salary for disability, any WC benefits received must be paid to the Commonwealth and, if not paid, the amount owed shall be deducted from any salary due and owing the employee), section 204 of the WC Act, 77 P.S. § 71(a) (providing for an offset of UC benefits from WC benefits), section 804 of the UC Law, 43 P.S. § 874(a) (stating that anyone who, through his or her own fault receives an overpayment in UC benefits is liable to repay the sum), section

804 of the UC Law, 43 P.S. § 874(b)(1) (stating that anyone who, through no fault of his or her own, receives an overpayment in UC benefits is not liable to repay the sum, but such sum shall be deducted from future UC benefits), section 804 of the UC Law, 43 P.S. § 874(b)(3) (requiring that a deduction be made for UC benefits from any back wage award).

14. Unjust enrichment is an equitable doctrine. Unjust enrichment occurs when a person "has and retains money or benefits, which in justice and equity belong to another." BLACK'S LAW Dictionary 1535 (6th ed.1990). Further, under the principle of unjust enrichment, "one person should not be permitted *unjustly* to enrich himself at [the] expense of another...." BLACK'S LAW Dictionary 1535 (6th ed.1990) (emphasis added). While Burley may be enriched here, it certainly cannot be said that the enrichment is unjust because Burley was in no way at fault. Indeed, it was PHICO's error, failing to deduct the UC payments from the WC payment it made, that resulted in the overpayment, and

### *ORDER*

AND NOW, this 10th day of May, 2001, the order of the Pennsylvania Department of Public Welfare, Bureau of Hearings and Appeals, dated May 30, 2000, at docket number 03–99–022, is hereby reversed.

competing equities require that DPW's WC carrier, PHICO, bear the $7,707.00 loss. In addition, arguably, DPW could receive a windfall from the $7,707.00 credit because it does not belong to DPW but, rather, PHICO.