IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Wetzel,                 :
            Petitioner          :
                                   :
           v.                   : Nos. 1911, 1912 C.D. 2016
                                   : Submitted: December 1, 2017
Unemployment Compensation   :
Board of Review,                :
           Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: January 4, 2018


        In this consolidated appeal, David L. Wetzel (Claimant) petitions for review from the Unemployment Compensation Board of Review's (Board) orders affirming the decisions of the Referee to deny Trade Readjustment Allowance (TRA) benefits to Claimant due to ineligibility under Section 233(a)(1) of the Trade Act of 1974 (Trade Act)[1] and a non-fault, non-recoupable overpayment under Section 804(b)(1)(iii)(C) of the Unemployment Compensation Law (Law).[2]

---

[1] Section 233(a)(1) of the Trade Act of 1974, *as amended*, 19 U.S.C. § 2293(a)(1).

[2] Section 804(b)(1)(iii)(C) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b)(1)(iii)(C).

For the following reasons, we affirm the Board's decision regarding TRA ineligibility,[3] and reverse and remand the Board's decision regarding unemployment compensation (UC) overpayments.[4]

## I.

Claimant was laid off from his job at Baldwin Hardware Corporation on December 6, 2013, when that company permanently closed due to foreign competition. This made him eligible for benefits under the Trade Act[5] which provides for the payment of TRA benefits to workers adversely affected by unfair or injurious import competition[6] as well as UC benefits. The state UC bureaus administer the program and determine a worker's eligibility for TRA benefits. *Bushofsky v. Unemployment Compensation Board of Review*, 626 A.2d 687, 690 n.1 (Pa. Cmwlth. 1993).

On December 8, 2013, Claimant applied for and was paid UC benefits for 26 claim weeks between February 15, 2014, and August 8, 2014. On March 5, 2014, Claimant filed an application under the Trade Act and the Department of Labor and Industry (L&I) found Claimant eligible for the 26 claim weeks between

---

[3] Board Decision No. B-592446. The appeal from this order is docketed at No. 1911 C.D. 2016.

[4] Board Decision No. B-592447. The appeal from this order is docketed at No. 1912 C.D. 2016.

[5] Trade Act of 1974, *as amended*, 19 U.S.C. §§ 2101 – 2497b.

[6] *See* 19 U.S.C. § 2272.

August 30, 2014, and February 21, 2015. Claimant also filed a TRA claim for the claim week ending February 28, 2015.

Upon the expiration of that UC benefit year, on December 7, 2014, Claimant filed a new application for UC benefits. The UC Service Center found Claimant to be eligible and he received benefits for the weeks ending December 20, 2014, through February 28, 2015. The total he received in UC benefits for those weeks was $3,817. However, on March 10, 2015, Claimant informed the local UC Service Center that he had not worked since December 6, 2013, and it found Claimant ineligible for UC benefits. *See* Section 4(w)(2) of the Law.[7] Because Claimant was not entitled to those benefits, on March 26, 2015, L&I issued a Notice of Determination of Overpayment of Benefits, finding a non-fault determination of overpayment of UC benefits in the amount of $3,817.[8]

---

[7] Section 4(w)(2) provides:

> An application for benefits filed after the termination of a preceding benefit year by an individual shall not be considered a Valid Application for Benefits within the meaning of this subsection, unless such individual has, subsequent to the beginning of such preceding benefit year and prior to the filing of such application, worked and earned wages in "employment" as defined in this act in an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding benefit year.

43 P.S. § 753(w)(2).

[8] We affirmed this determination in *Wetzel v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1328 C.D. 2015, filed February 9, 2016).

On May 6, 2016, L&I denied Claimant's request for TRA benefits for the claim week beginning February 28, 2015. The denial explained that while a claimant can receive up to 52 weeks of TRA benefits, the 26 weeks he received of UC benefits were counted against that total, making him eligible for 26 weeks of TRA benefits. Because Claimant had received 26 weeks of TRA benefits, he was ineligible for further weeks under Section 233(a)(1) of the Trade Act.[9]

On May 9, 2016, L&I issued another Notice of Determination of Overpayment of Benefits stating that because Claimant received $3,817 in UC benefits to which he was not entitled, L&I offset Claimant's TRA eligibility for the claim weeks ending December 20, 2014, through February 21, 2015, against that amount and reduced Claimant's non-fault, non-recoupable overpayment to $537. Claimant appealed the L&I decision that there had been an overpayment as well as the L&I decision that Claimant was ineligible for further TRA benefits.

---

[9] Section 233(a)(1) of the Trade Act provides:

> The maximum amount of trade readjustment allowances payable with respect to the period covered by any certification to an adversely affected worker shall be the amount which is the product of 52 multiplied by the trade readjustment allowance payable to the worker for a week of total unemployment (as determined under section 2292(a) of this title), but such product shall be reduced by the total sum of the unemployment insurance to which the worker was entitled (or would have been entitled if he had applied therefor) in the worker's first benefit period described in section 2291(a)(3)(A) of this title.

19 U.S.C. § 2293(a)(1).

4

Following a hearing, the Referee issued two decisions. The first, decided June 23, 2016, affirmed the UC Service Center's finding of ineligibility for TRA benefits for the claim week ending February 28, 2015, because, under Section 233(a)(1) of the Trade Act, 19 U.S.C. § 2293(a)(1), a claimant's entitlement to 52 weeks of TRA benefits is reduced by the number of weeks he receives UC benefits. The Referee reasoned that since Claimant received 26 weeks of UC benefits under the 2013 application, Claimant was limited to receiving 26 weeks of TRA benefits, all of which he received with claim week ending February 21, 2015.

The second decision, dated June 28, 2016, affirmed the UC Service Center's determination that it was proper to reduce the overpayment amount of UC benefits by offsetting Claimant's TRA benefits. The decision also affirmed the imposition of a non-fault, non-recoupable overpayment[10] in the amount of $537 as calculated under Section 804(b)(1)(iii)(C) of the Law. 43 P.S. § 874(b)(1)(iii)(C).

Claimant appealed both of the Referee's decisions to the Board. On September 20, 2016, the Board issued two separate orders, adopting the Referee's findings and affirming both decisions. Claimant requested reconsideration of both decisions, but was denied. This appeal followed.[11]

---

[10] Had a non-fault overpayment been assessed instead, recoupment from future benefits payable within a three-year period following the benefit year at issue would be allowed. 43 P.S. § 874(b)(1).

[11] In reviewing a Board decision, our scope of review is limited to determining whether the Board violated any constitutional rights or committed an error of law, or whether substantial **(Footnote continued on next page…)**

5

**II.**[12]

Although Claimant appeals the Board's order affirming the June 23, 2016 Referee decision finding Claimant ineligible for TRA benefits for the claim week ending February 28, 2015, he does not address this issue in his brief.[13] The

---

**(continued…)**

evidence supports the necessary findings of fact. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

[12] In a separate motion, the Board asserts that we should either strike Claimant's brief or dismiss his appeal because Claimant failed to engage in any meaningful discussion of the issue he raises. *See Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636 (Pa. Cmwlth. 1998). However, it is well settled that when analyzing the claims of *pro se* litigants, we afford their filings liberal construction. *Mueller v. Pennsylvania State Police Headquarters*, 532 A.2d 900 (Pa. Cmwlth. 1987). Here, given the context of his appeal and the statements contained in his brief, it is obvious that Claimant is asserting that no overpayment should be imposed at all because the overpayment was not his fault. Accordingly, we deny the Board's motion.

[13] While not developed in Claimant's brief, we agree with the Referee that:

> The Trade Act . . . provides for payment of 52 weeks of basic trade readjustment allowances. Under Section 233(a)(1), a claimant'[s] entitlement is reduced by the number of weeks he receives UC benefits.
>
> In the present case, the claimant received 26 weeks of UC benefits under the 2013 application. Accordingly, the claimant's entitlement to TRA benefits was reduced to 26 weeks. The claimant received 26 weeks of TRA benefits ending with the claim week ending February 21, 2015. Therefore the claimant had exhausted his TRA benefits prior to the claim week at issue and benefits will be disallowed under Section 233(a) of the Trade Act, as amended.

(Record (R.) at No. 10, Referee's Decision/Order – TRA dated 6/23/16.)

6

only issue that Claimant raises is that no overpayment should be imposed at all because the overpayment was not his fault.

At the outset, we note that we are perplexed that there was any TRA benefits available to offset any overpayment in UC benefits because the Referee's decision of June 23, 2016, which the Board adopted, specifically states that Claimant received all the benefits to which he was entitled – 26 weeks in UC benefits and 26 weeks of TRA benefits.[14]  Assuming, though, that there were unpaid weeks of TRA benefits for which he was eligible, the question then is whether the Board properly ordered that the UC benefits overpayment should be offset by Claimant's remaining TRA eligibility.

Section 804(b)(1)(iii)(C) of the Law provides that when overcompensation is paid, even if the claimant is not at fault, it can be recouped from any future UC benefits paid within three years of the benefit year.  43 P.S. § 874(b)(1)(iii)(C).  Specifically, it provides:

> (b)(1) Any person who other than by reason of his fault has received with respect to a benefit year **any sum as compensation under this act to which he was not**

---

[14] Finding of Fact No. 4 of the Referee's June 23, 2016 decision denying the claim for TRA benefits for claim week beginning February 28 states, "The claimant filed for and received UC benefits for the 26 claim weeks ending between February 15, 2014 and August 8, 2014." (R. at No. 10, Referee's Decision/Order – TRA dated 6/23/16.)

Finding of Fact No. 6 of the same decision states, "The claimant filed for and received $323 in TRA benefits for the 26 claim weeks ending between August 30, 2014 and February 21, 2015." *Id.*

**entitled** shall not be liable to repay such sum but shall be liable to **have such sum deducted from any future compensation payable to him** with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph. . . .

(iii) In the absence of misrepresentation or non-disclosure of a material fact, no recoupment shall be had if such overpayment is created by reason of:

* * *

(C) a subsequent determination that the person's base year wages were not earned in employment as defined in this act.

*Id.* The problem is that this provision only allows recoupment from future UC benefits and does not mention any recoupment from TRA benefits.

We addressed a similar issue in *Burley v. Department of Public Welfare*, 773 A.2d 230 (Pa. Cmwlth. 2001). In that case, the Pennsylvania Department of Public Welfare (DPW), Bureau of Hearings and Appeals (BHA), held that "Act 534"[15] benefits, which provide full salary during periods of disability for state mental institution employees injured by institutional inmates, can be used to offset any overpayment of UC benefits awarded to a claimant. We reversed because nothing in Act 534 authorized a deduction from an employee's salary for UC benefits, though it does provide for a deduction from workers' compensation (WC) benefits.[16] Because Act 534 specifically contemplated a possible offset from

---

[15] Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951 – 952.

[16] As pertinent, Section 1 of Act 534, 61 P.S. § 951, provides:

**(Footnote continued on next page…)**

8

WC benefits but not UC benefits, we reversed the Board's decision and held that DPW was not entitled to deduct the overpayment amount from that claimant's Act 534 benefits.

In our holding, we explained that while Act 534 has a provision to permit offset for any WC benefits, it did not contain a similar provision relating to UC benefits. Accordingly, we relied upon the principle of statutory construction that where certain things are specifically designated in a statute, all omissions are understood as exclusions. *Latella v. Unemployment Compensation Board of Review*, 459 A.2d 464 (Pa. Cmwlth. 1983). Similarly, in this case, while Section 804(b)(1)(iii)(C) of the Law, 43 P.S. § 874(b)(1)(iii)(C), permits offset from future UC benefits, it does not provide for the use of TRA benefits to offset any UC overpayments.

However, because we are unsure that the TRA benefits for the claim weeks ending December 20, 2014, through February 21, 2015, were used to offset the UC overpayment due to the fact that Claimant had already received those TRA benefits, we remand the matter to the Board to make that determination. If there

_____

**(continued…)**

> During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing.

are, in fact, any TRA payments for which Claimant is eligible, then the Board is directed to order that Claimant be paid those amounts. If there were not any TRA payments for which Claimant is eligible, the Board is directed to treat those overpayments as no-fault, non-recoupable consistent with its findings used to treat the $537 remaining after it had used the purported TRA offset.

Accordingly, we affirm the Board's order finding Claimant ineligible for TRA benefits for the claim week ending February 28, 2015. We reverse the Board's order finding that it was proper to offset the UC overpayment with TRA eligibility, and we remand this matter to the Board to make a determination if any TRA benefits have been used as an offset and, if they had, order payment of those benefits.

_____
DAN PELLEGRINI, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Wetzel, : 
        Petitioner : 
         : 
        v. : Nos. 1911, 1912 C.D. 2016
         : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

# **O R D E R**

AND NOW, this 4th day of January, 2018, the Unemployment Compensation Board of Review (Board) order of September 20, 2016, Decision No. B-592446, is affirmed. The Board order of September 20, 2016, Decision No. B-592447, is reversed, and we remand this matter to the Board with further proceedings consistent with this decision. The Board's Application for Summary Relief or in the Alternative an Application for Relief in the Form of a Motion to Strike Petitioner's Brief and to Dismiss His Appeal is denied.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge