# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Arnold,                            :
                 Petitioner    :
                                  :
              v.            :    No. 666 C.D. 2017
                                  :    SUBMITTED: September 12, 2018
Department of Human Services,              :
                 Respondent    :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: September 26, 2018**

Barbara Arnold (Petitioner) petitions for review of the order of the Secretary of the Department of Human Services (Department) upholding the decision of the Bureau of Hearings and Appeals (Bureau) to deny her benefits under Section 1 of the Act of December 8, 1959, P.L. 1718, commonly known as Act 534, *as amended*, 61 P.S. § 951, for injuries she sustained at the Selinsgrove Center (Facility).[1] As a threshold matter, the Secretary entered the final order denying

---

[1] Section 1 of Act 534, in pertinent part, provides:

> [A]ny employe of a State mental hospital . . . , who is injured *during the course of his employment* by an act of . . . any person confined in such institution or by any person who has been committed to such institution . . . shall be paid, by the Commonwealth . . . , his full salary, until the disability arising therefrom no longer prevents his return as an employe . . . at a salary equal to that earned by him at the time of his injury.

Petitioner benefits on April 7, 2017, but Petitioner did not file her petition for review until May 30, 2017. However, Petitioner filed a timely application for reconsideration on April 21, 2017, which the Secretary denied on April 28, 2017. Accordingly, to the extent that Petitioner preserved this issue, we are limited to determining whether the Secretary abused his discretion in denying the application for reconsideration.[2] *See Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988) (holding that a party that fails to file a petition for review of the Bureau's final order within the thirty-day appeal period loses the ability to challenge the merits of the decision). Mindful that the decision to deny an application for reconsideration will only be reversed for an abuse of discretion,[3] we affirm.

The facts are as follows. For twenty-seven years, Petitioner worked as a residential service aide (RSA) at the Facility. It provides services to residents with intellectual disabilities and varying degrees of functionality, some of whom exhibit aggressive behaviors. The RSAs "assist residents with activities of daily living, check on them, change them and ensure their overall health, safety and welfare." (Finding of Fact "F.F." No. 2.) Petitioner performed eight-hour shifts and worked forty-hour weeks. (*Id*. at No. 3.) She was a designated floater, which entailed working in any of the Facility's buildings during the third shift from Monday through Friday. (*Id*. at No. 4.) Depending upon the location of the respective

---

61 P.S. § 951 (emphasis added). The purpose of this provision providing full salary during a period of disability to state institution employees injured by institutional inmates is to assure that those employees undertaking dangerous employment be fully compensated for injuries incurred while performing their duties. *Burley v. Dep't of Pub. Welfare*, 773 A.2d 230 (Pa. Cmwlth. 2001).

[2] In her brief to this Court, Petitioner inserted the Secretary's order denying her application for reconsideration as the order in question. Her statement of issues and scope/standard of review segments, however, go to the merits.

[3] Such an abuse "occurs only when the challenger establishes that the order is manifestly unreasonable or is based upon bad faith, fraud, capricious action, or an abuse of power." *C.R.-F. v. Dep't of Human Servs.*, 153 A.3d 438, 443 (Pa. Cmwlth. 2017).

clocking-in locations, it took a staff person between three and ten minutes to reach his or her assigned work location. (*Id*. at No. 20.) Pursuant to the Facility's policy, employees were permitted to clock in no more than three minutes before the start of their shifts. (*Id*. at No. 11.)

On July 27, 2016, the Facility had scheduled Petitioner to work the third shift, from 10:15 p.m. to 6:15 a.m. (*Id*. at No. 1.) She arrived at the Facility between 9:30 and 9:45 p.m., between thirty and forty-five minutes before the start of her shift. (*Id*. at No. 12.) Known to some as "the can lady," due to the fact that she had collected cans for many years to help finance her granddaughter's college education, she arrived early to collect cans, to find boxes for her mother's estate, and to look for an Avon book. (*Id*. at Nos. 5 and 13.) "Some of the Facility's residents, including Resident J.B., [however,] had jobs where they collected cans to be recycled and earned money that they used to purchase cigarettes and personal items." (*Id*. at No. 10.) Regarding their shared interest in cans, the Facility had investigated allegations in 2015 that Petitioner took cans from J.B.'s room. (*Id*. at No. 7.) In any event, upon arrival, Petitioner checked her schedule and discovered that she was assigned to work in area CF-10. (*Id*. at No. 19.) She also checked in with a colleague, whose name she later could not recall, who advised her that she could pick up cans in area CF-8. (*Id*. at No. 14.) Accordingly, notwithstanding her assigned work area, Petitioner went to area CF-8.

As was his custom, another RSA was in the dining space area of CF-8 between 9:30 and 9:45 p.m. on July 27 checking the area and residents. When he encountered Resident J.B., who asked him if he had any cans, the RSA advised J.B. that he had saved some cans for him. (*Id*. at No. 15.) The RSA saw cans when he entered the dining area, but saw none when he came back through the area. When

3

he discovered Petitioner in that area, the RSA asked her about the cans but received no response. (*Id*. at No. 16.) When Resident J.B. saw her in the area, he "cursed at her, threatened to kill her, warned her that she would lose her job [and] then punched [her] in her right side causing her to hit her head on the door and fall to the floor." (*Id*. at No. 17.) As a result, Petitioner sustained injuries and did not return to work after that date. (*Id*. at Nos. 18 and 21.)

On July 29, Petitioner met with the Facility's human relations manager and gave her a written witness statement omitting both the time of the incident and what she was doing. (*Id*. at Nos. 23 and 24.) In August 2016, Petitioner's applications for both Act 534 and workers' compensation benefits were denied. (*Id*. at No. 25.) In January 2017, the administrative law judge (ALJ) conducted a hearing on the issue of whether Petitioner's injury occurred during the course of her employment. Both parties appeared with counsel. Although the ALJ found Petitioner to be credible, she rejected Petitioner's assertion that her injury occurred during a small departure from her work activities and recommended that Petitioner's appeal be denied. The Bureau adopted the ALJ's recommendation and the Secretary denied Petitioner's application for reconsideration. Her petition for review followed. As noted, we are limited to determining whether the Secretary abused his discretion in denying her application.[4]

On appeal, Petitioner disregards the consequences of failing to file a timely appeal from the merits order. Instead, she argues that the Secretary erred in

---

[4] We note that there is no misleading language in the respective orders as to Petitioner's appeal rights. The Bureau's merits order indicates that Petitioner can take issue with the adjudication by appealing to the Court within thirty days from April 7, 2017. In addition, it provides that an application for reconsideration must be filed with the Bureau within fifteen days of April 7 and that such action will not stop the time within which an appeal must be filed with the Court. In turn, the Secretary's order denying reconsideration indicates that Petitioner can take issue with the denial of reconsideration by appealing to the Court within thirty days from April 28, 2017.

4

determining that her injury occurred outside the course of her employment. In any event, the Secretary's decision to deny reconsideration based on the reasons stated in the adjudication did not constitute an abuse of discretion. In that regard, our review indicates that the factfinder applied the relevant state law to the essentially undisputed facts. Accordingly, finding no bad faith, fraud, capricious action, or abuse of power, we affirm.[5]

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[5] Even if we were to consider the merits, Petitioner failed to meet her burden. As the factfinder determined: "*Nothing* in the hearing record points to [Petitioner] performing *any* of her job duties at the time she was injured." (April 7, 2017, Adjudication at 9) (emphasis in original). Specifically, despite the fact that the Facility prohibited staff from clocking in more than three minutes before their start time, she deliberately arrived significantly early to engage in personal activities that did not further the Facility's interests. To the contrary, she was working against those interests when she competed for cans with a resident with whom she had a history and who "collected cans *as part of his program in the Facility* to earn income." (*Id.*) (emphasis added). In addition, she admitted that her employer had told her not to collect cans out of the trash. (January 18, 2017, Hearing, Notes of Testimony at 32.) In fact, after a September 2015 verbal reprimand for doing so, she attended a training session. (F.F. No. 8.) Accordingly, mindful of her deliberate disregard of the Facility's policies and directives, the fact that she also checked her schedule to ascertain her assigned work area before engaging in personal activities is of no moment. *See Miller v. Workers' Comp. Appeal Bd. (Millard Refrigerated Servs. & Sentry Claims Serv.)*, 47 A.3d 206, 209 (Pa. Cmwlth. 2012) (where an injury is caused by violation of a positive order, the employee knew of the order before the injury, and the order prohibited the non-work related activity, no workers' compensation benefits payable).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Barbara Arnold,                            :
                    Petitioner            :
                                          :
            v.                            :            No. 666 C.D. 2017
                                          :
Department of Human Services,             :
                    Respondent            :


# **O R D E R**


AND NOW, this 26th day of September, 2018, the order of the Secretary of the Department of Human Services is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge