## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alice Washington,           :
          Petitioner       :     No. 1513 C.D. 2022
          :
          v.                 :     Submitted: October 10, 2023
          :
Unemployment Compensation       :
Board of Review,               :
          Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

### *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: November 3, 2023

Alice Washington (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation (UC) Board of Review (Board) assessing a non-fraud overpayment of Pandemic Unemployment Assistance (PUA) benefits and Federal Pandemic Unemployment Compensation (FPUC) benefits. Claimant now asks this Court to enter an order waiving her obligation to repay the overpayment. After review, we affirm.

### I. Facts and Procedural History

On March 8, 2020, Claimant filed an application for PUA benefits. (Certified Record (C.R.) at 060.) On June 22, 2020, the Department of Labor and Industry (Department) released $1,755.00 in PUA benefits to Claimant for various weeks ending April 11, 2020, through and including June 20, 2020. *Id.* The

Department also released $5,400.00 in FPUC benefits to Claimant for various weeks ending April 4, 2020, through and including June 20, 2020. *Id.* On July 14, 2020, due to its own error, the Department released a duplicate payment of PUA benefits and the corresponding FPUC benefits for the same weeks listed above. *Id.*

On July 27, 2020, the Department issued a Notice of Determination finding that Claimant received duplicate payments of PUA and FPUC benefits to which she was not entitled, for the same weeks listed above. *Id.* On the same date, the Department issued Claimant (1) a non-fraud overpayment determination for the PUA benefits in the amount of $1,755.00 under Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020,[1] 15 U.S.C. § 9021(h), and (2) a non-fraud overpayment determination for the FPUC benefits in the amount of $5,400.00 under Section 2104(f)(2) and 2104(f)(3) of the CARES Act, 15 U.S.C. §9023(f)(2)(3). *Id.*

On December 14, 2020, Claimant filed an appeal from the Department's determination, which was assigned to a Referee. C.R. at 020-022. The Referee held a telephone hearing on October 7, 2021, at which Claimant provided testimony. *Id.* at 046-057. On October 8, 2021, the Referee issued a Decision affirming Claimant's ineligibility for the duplicate payments. *Id.* at 059-068. The Referee noted:

> The repayment of the [PUA and] FPUC benefits can be waived, but the individual must file an overpayment waiver request, which had not been completed in this matter. As such, any decision on said waiver must be done through a separate determination by the UC Service Center.

---

[1] 15 U.S.C. §§ 9001-9141.

*Id.* at 062.  On October 22, 2021, Claimant appealed the Referee's Decision to the Board.  *Id.* at 070-077.

On December 2, 2022, the Board issued an Order that adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's Decision as modified.  *Id.* at 079-086.  The Board also found that Claimant was not at fault for the receipt of those benefits and explained:

> The Continued Assistance Act of 2021[2] amended Section 2102(h) of the CARES Act of 2020 to allow for a waiver of repayment of a PUA [o]verpayment identical to the repayment waiver provisions for an FPUC overpayment [under] Section 2104(e) of the CARES Act of 2020.
>
> **Therefore, if she has not already done so, [] [C]laimant may request a waiver of repayment of the PUA overpayment as well as the FPUC overpayment.**

*Id.* at 079 (emphasis added).

Claimant now appeals to this Court.

## II. Issue

On appeal,[3] Claimant argues only that she should be granted a waiver and not to have to pay back the benefits that resulted from the non-fraud overpayment.

## III. Discussion

Claimant's argument on appeal to this Court does not challenge the holding of the Board.  Specifically, Claimant does not challenge any of the Board's

---

[2] Pub. L. No. 117-2, 135 Stat. 4.

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence.  *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884, 885 n.3 (Pa. Cmwlth. 1998).

3

findings of fact or conclusions of law. To the contrary, she acknowledges that an overpayment of PUA and FPUC benefits occurred. Claimant argues only that under the CARES Act, a waiver may be granted if the overpayment was determined to be without fault on the part of the individual and requiring repayment would be contrary to "equity and good conscience." 15 U.S.C. § 9023(f)(2)(B). Claimant contends she should not have to pay back the PUA and FPUC benefits because the overpayment was the Department's fault, not hers. Claimant notes in her brief that she filed an "OVERPAYMENT WAIVERS QUESTIONNAIRE" with the Department. She says nothing about any disposition therefrom.

Section 2104(f)(2) of the CARES Act governs repayment of PUA and FPUC benefit overpayments. It provides as follows:

> **(2) Repayment**
> In the case of individuals who have received amounts of emergency [UC] under this title to which they were not entitled, the State shall require such individuals to repay the amounts of such emergency [UC] to the State agency, except that the **State agency may waive such repayment if it determines that--**
>
> (A) the payment of such emergency [UC] was without fault on the part of any such individual; and
>
> (B) such repayment would be contrary to equity and good conscience.

15 U.S.C. § 9023(f)(2) (emphasis added).

This Court has acknowledged a two-step procedure with respect to the recoupment of overpayments of unemployment benefits. First, due process requires an evidentiary hearing to determine whether an overpayment was with or without fault. *See Burley v. Department of Public Welfare*, 773 A.2d 230, 234 (Pa. Cmwlth. 2001)

4

("Due process requires an evidentiary hearing on the issue of fault before requiring a recipient to repay an [UC] overpayment.").

Second, the issue of repayment is resolved in a separate hearing, initiated by a claimant's request for a waiver of repayment, and involves an inquiry as to whether repayment will be contrary to "equity and good conscience." *Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211 (Pa. Cmwlth. 2012).

Before this Court, Claimant reiterates the same argument that the Board rejected, *i.e*, she should not have to repay the PUA and FPUC benefits because the overpayment was not her fault.

This case is similar to this Court's decision in *Rouse*. In *Rouse*, this Court held that until the issue of repayment is resolved in a separate hearing based on a claimant's request for a waiver, we could not address a UC claimant's claim that she should not have to pay back an overpayment of Emergency UC (EUC) benefits. In *Rouse*, the referee affirmed the UC Service Center's determination that the claimant was overpaid EUC benefits under the American Recovery and Reinvestment Act of 2009.[4] The referee also held that the overpayment was not the result of fraud and reversed an assessment of penalty weeks. The claimant appealed to the Board arguing that she should not have to repay the EUC benefits because the overpayment was not her fault. 41 A.3d at 213. The Board held that the issue of whether the claimant was entitled to a waiver of her obligation to repay the overpayment was not before it, and that she would have to request a waiver from the Department. *Id.*

On appeal to this Court, the claimant continued to assert waiver of repayment as her sole issue. In affirming the Board, we explained:

---

[4] 26 U.S.C. § 3304.

On appeal, [the c]laimant continues to raise waiver of repayment as her sole issue. As the [r]eferee and the Board correctly pointed out to [the c]laimant, that issue has yet to be decided. The litigation concerned only whether [the c]laimant had received an overpayment of benefits and whether any overpayment was the result of fraud. That litigation determined that [the c]laimant received a non-fraud overpayment, and [the c]laimant does not challenge that conclusion. As the UC Service Center's instructions explained, a request for a waiver of repayment must be decided in a separate proceeding. The request must first be made to the Department by submitting the appropriate form and an appeal can then be taken if a waiver is denied.

*Id. See also Gnipp v. Unemployment Compensation Board of Review*, 82 A.3d 522 (Pa. Cmwlth. 2013) (holding that this Court could not address a claimant's contention that he should not have to pay back EUC benefits where the issue of whether repayment would be inequitable due to financial hardship was not raised before the referee); *See also Gadson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2290 C.D. 2015, filed June 9, 2016).[5]

The facts of this case are nearly identical to those in the *Rouse* case. As in *Rouse,* Claimant here argues that she should be granted a waiver of her obligation to repay the overpayments.[6] As the Referee correctly noted, whether Claimant will be required to repay the overpayment of PUA and FPUC benefits has not yet been adjudicated. The only issue before the Board concerned whether Claimant had received an overpayment of benefits and whether the overpayment was fraudulent. The Board only determined that Claimant received a non-fraud overpayment, and Claimant does not challenge that conclusion. As we explained in *Rouse*, a request for a waiver

---

[5] This unreported opinion is cited as persuasive authority pursuant to this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

[6] In *Rouse*, the issue of granting a waiver of repayment obligation involved EUC, and in our case, Claimant is requesting a waiver of PUA.

6

of repayment must be initiated by the claimant via a request for a waiver and decided in a separate proceeding. *Rouse*, 41 A.3d at 213. The request must first be made to the Department by submitting the appropriate form. *Id.* In fact, Claimant has indicated in her brief that she already filed a request for waiver with the Department. An appeal can then be taken if, and when, her request for a waiver is denied.

In sum, the issue raised by Claimant, *i.e.,* whether she should be relieved of the obligation to repay PUA and FPUC overpayments because she was not at fault, has not yet been decided by the Department, which must make that determination in the first instance before this Court can review it. Because a record has not been made before the fact finder on waiver, *i.e.*, whether repayment will be contrary to "equity and good conscience," the Court cannot consider this issue. Because Claimant has not raised any issue or argument challenging the Board's determination that a non-fraud overpayment was made, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alice Washington,       :
         Petitioner       :    No. 1513 C.D. 2022
      :
      v.       :
      :
Unemployment Compensation       :
Board of Review,       :
         Respondent       :

## ***ORDER***

AND NOW, this 3rd day of November, 2023, the December 2, 2022 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge