Robert F. Jones, Appellant, *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER, and BLATT, sitting as a panel of three.

*Robert F. Jones,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 22, 1975:

On October 1, 1971, Robert F. Jones filed an application for unemployment compensation benefits with the

Bureau of Employment Security (Bureau), stating that he had been most recently employed by Honeywell, Inc. until August, at which time he had been laid off for lack of work. Jones thereupon received benefits totalling $2,754 for the compensable weeks running from October 7, 1971 through May 25, 1972. On May 26, however, the Bureau learned that Jones had been in the business of operating a grocery store during the entire period for which he had been obtaining benefits. He was notified, therefore, on July 8, 1972 of the Bureau's determination that he had been self-employed and that his original application for benefits as well as his claims for the succeeding weeks should have been disapproved. He appealed this determination to a referee and subsequently to the Unemployment Compensation Board of Review (Board), but, when he failed to appear at the hearings scheduled for him, the Bureau's decision was affirmed by the Board. Apparently no judicial review was then sought.

Subsequently, on April 9, 1973, the Bureau determined that its overpayment of benefits to Jones had been a "Fault Overpayment" within the meaning of Section 804(a) of the Unemployment Compensation Law,[1] 43 P. S. §874. The significance of that determination is that the claimant thereby became obligated under Section 804(a) to repay the overpaid sum which is "collectible (1) in the manner provided in . . . this act for the collection of past due contributions, or (2) by deduction from any future compensation payable to the claimant under this act. . . ." If, on the other hand, Jones had been determined not to be at fault for the overpayment, his liability would have been limited only to limited deductions from future compensation benefits payable to him.

Jones appealed this determination of fault to a referee who affirmed it after a hearing. The Board affirmed the referee's decision and the appeal to this Court ensued.

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended.*

The compensation authorities as fact finders concluded that Jones "knowingly and willfully withheld information that resulted in the overpayment of benefits and it is, therefore, a fault overpayment." Instead of attacking those conclusions before us, Jones merely asserts certain facts relating to his eligibility, which might tend to show that he had not been self-employed at the time in question so as to have rendered himself ineligible. Unfortunately for him, however, we expressly held in *Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973), that because there was a right of appeal from the Bureau's determination of ineligibility such a determination could not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient. We cannot now, therefore, disturb the prior Bureau determination, and it must be considered final and conclusive on the issue of ineligibility.

We, therefore, issue the following

### ORDER

AND NOW, this 22nd day of September, 1975, the appeal of Robert F. Jones is hereby dismissed.