Carol Lynn Strahle Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John E. Brady,* with him *Brady & Lindner,* for petitioner.

*Daniel Shuckers,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 30, 1978:

Carol L. Strahle Smith (claimant) has taken this appeal from a decision of the Unemployment Compensation Board of Review (Board) which determined that she was liable for a "fault overpayment" of $1748 under Section 804(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(a). Since the only question argued by claimant here was resolved in an earlier decision finding her ineligible for benefits, we will affirm.

In March 1975, a referee determined that claimant was not eligible for benefits for the weeks ending May 4, 1974 through September 28, 1974. This decision was based on a finding that claimant had been an independent contractor during these weeks and, therefore, was not unemployed within the meaning of the Act. She had argued that her sons had done the work and received the payments and that she had been unemployed throughout the period. Her subsequent appeal to the Board was dismissed for failure to file a timely appeal. No further appeal was taken.

In November 1975, the Bureau of Employment Security initiated a second proceeding by issuing a Notice of Determination of Overpayment of Benefits, indicating that a "fault overpayment" was involved. A referee affirmed this determination, finding that "[t]he overpayment was the result of the claimant's failure to inform the Bureau that she had voluntarily left employment and was subsequently self-employed." When the Board affirmed by adopting the referee's findings and conclusions, claimant brought this appeal.

Section 804 of the Act, 43 P.S. §874, provides the vehicle by which unemployment compensation authorities can recover overpayments. If a person has re-

ceived compensation to which he was not entitled "by reason of his fault," he is liable to repay the amount received.

In *Jones v. Unemployment Compensation Board of Review*, 21 Pa. Commonwealth Ct. 250, 344 A.2d 287 (1975), we were faced with a factual situation similar to the case at bar. The claimant there was found ineligible for benefits because he was self-employed, and the Bureau subsequently determined that a "fault overpayment" had been made. Speaking for the Court, Judge BLATT stated:

> The compensation authorities as fact finders concluded that Jones 'knowingly and willfully withheld information that resulted in the overpayment of benefits and it is, therefore, a fault overpayment.' Instead of attacking those conclusions before us, Jones merely asserts certain facts relating to his eligibility, which might tend to show that he had not been self-employed at the time in question so as to have rendered himself ineligible. Unfortunately for him, however, we expressly held in Daniels v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973), that because there was a right of appeal from the Bureau's determination of ineligibility such a determination could not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient. We cannot now, therefore, disturb the prior Bureau determination, and it must be considered final and conclusive on the issue of ineligibility."

*Id.* at 252, 344 A.2d at 288.

Here, claimant's argument has been that she was not an independent contractor but, at most, an agent

482

for her sons. Since this precise issue was finally resolved against her in the earlier proceeding, we will not permit her to collaterally attack it here. *See Jones, supra.*

ORDER

AND Now, this 30th day of March, 1978, the order of the Unemployment Compensation Board of Review, dated October 30, 1976, is hereby affirmed.