# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Donahue, : 
               Petitioner : 
      : No. 177 C.D. 2024
        v. : 
      : Submitted: July 7, 2025
Unemployment Compensation : 
Board of Review, : 
               Respondent : 


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                            **FILED: September 4, 2025**

In this case, Patrick Donahue (Claimant) purports to challenge his ineligibility for pandemic unemployment assistance (PUA)[1] and pandemic unemployment compensation (PUC).[2] To that end, Claimant has petitioned this Court to review a specific adjudication of the Unemployment Compensation (UC) Board of Review (Board), which in turn corresponds to a specific decision of a Referee and a specific determination issued by the UC Service Center.[3] In this adjudication, the Board concluded that Claimant had authenticated his identity as

---

[1] Pandemic unemployment assistance (PUA) benefits are provided under Section 2102 of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021.

[2] The PUC program provided eligible individuals supplemental benefits. *See* 15 U.S.C. § 9023.

[3] This adjudication can be found at docket number 2023004032-BR (32-BR); the Referee's decision is identified as 2023009043-AT; the underlying determination is No. 11502425.

required, a conclusion that is not adverse to Claimant's interests. Relatedly, however, the Board issued nine additional adjudications, each with separate docket numbers corresponding to distinct eligibility and overpayment issues. In these additional adjudications, the Board concluded on other grounds that Claimant was ineligible for benefits and was liable for non-fraud overpayments.

Upon learning of these additional adjudications, this Court issued a stay to afford Claimant an opportunity to petition for this Court's review of the additional adjudications. Claimant did not avail himself of this opportunity. We reluctantly conclude that Claimant has abandoned any appeal from these additional adjudications and therefore affirm.

## I. BACKGROUND[4]

Claimant was a self-employed construction consultant and occasionally worked as a clerical assistant for a law firm. *See* Notes of Testimony (N.T.) Hr'g, 8/11/23, at 3. Claimant's last assignment prior to the COVID-19 pandemic concluded in October 2019. Claimant also reported net self-employment income of $730 on his 2020 Schedule C tax form. Claimant applied for and received PUA benefits with an effective date of March 14, 2021. *See* Claim Information, Payment Register, 6/21/23.

In June 2023, the UC Service Center determined that Claimant was ineligible for PUA benefits because he had failed to authenticate his identity, as required by Section 2102(a)(3)(A)(ii)(I) of the CARES Act.[5] *See* Pandemic Unemployment Disqualifying Determination, 6/5/23. Contemporaneously, the UC Service Center issued nine additional determinations, identifying other reasons for

---

[4] Unless stated otherwise, we adopt this background from the Board's Decision and Order. *See* Bd.'s Decision & Order, 1/29/24.

[5] 15 U.S.C. § 9021(a)(3)(A)(ii)(I).

Claimant's ineligibility and assessing non-fraud overpayments of PUA, PUC, and Lost Wage Assistance benefits.[6]  *See* Appl. for Relief, App. A, 9/25/24.

Claimant appealed all ten determinations, and each appeal received a distinct docket number.[7]  *See* Notice of Telephone Hr'g PUA Appeal, 7/26/23. Claimant was also notified that his appeals would be consolidated *for hearing purposes*. *Id.* at 1 ("***This hearing involves multiple claims and/or appeal dockets which have been consolidated for purposes of hearing.").  In August 2023, the Referee held a telephonic hearing, and Claimant submitted digital copies of his Pennsylvania driver's license and U.S. Passport. *See* N.T. Hr'g at 8.  Thereafter, the Referee issued identical decisions at each docket number.  The Referee specifically found that Claimant had verified his identity; however, the Referee denied eligibility, concluding that he was not a "covered individual" under Section 2102(a)(3) of the CARES Act.

Claimant appealed all ten decisions to the Board, which again assigned separate docket numbers for each appeal.[8]  In January 2024, the Board issued a

---

[6] The Board attached copies of these determinations to its Application for Relief in the form of a Motion to Quash Petitioner's Petition for Review and Dismiss Petitioner's Appeal. *See* Appl. for Relief, 9/25/24, Attachment A (providing Determination Nos. 11502433, 11502437, 11502375, 11502378, 11502382, 11502384, 11502415, 11502369, and 11502449).

[7] Referee Office Dockets: 2023009040-AT; 2023009036-AT; 2023009035-AT; 2023009028-AT; 2023009027-AT; 2023009036-AT; 2023009025-AT; 2023009024-AT; 2023009023-AT; 2023009043-AT.  *See* Appl. for Relief, 9/25/24, Attachment B; Bd. Dec. and Order, 1/9/24 (Certified Record (C.R.) at 116).

[8] Board Dockets: 2023004029-BR (29-BR) (Referee Office Docket: 2023009040-AT); 2023004042-BR (42-BR) (Referee Office Docket: 2023009036-AT); 2023004041-BR (Referee Office Docket: 2023009035-AT); 2023004040-BR (Referee Office Docket: 2023009028-AT); 2023004039-BR (Referee Office Docket: 2023009027-AT); 2023004038-BR (Referee Office Docket: 2023009026-AT); 2023004037-BR (Referee Office Docket: 2023009025-AT); 2023004030-BR (Referee Office Docket: 2023009024-AT); 2023004031-BR (Referee Office Docket: 2023009023-AT); and 32-BR (Referee Office Docket: 2023009043-AT). *See* Appl. for Relief, 9/25/24, Attachment B; Bd. Dec. and Order, 1/9/24 (C.R. at 116).

single adjudication affirming the Referee at 2023004032-BR (32-BR), which was pertinent to Claimant's initial failure to authenticate his identity. In February 2024, Claimant timely petitioned this Court to review 32-BR. Thereafter, in April 2024, the Board issued decisions for the nine remaining dockets. *See* Appl. for Relief, 9/25/24, Attachment B.[9]

Anticipating that Claimant would appeal these additional orders, the Board requested a stay in filing a certified record in this case. *See* Appl. for Stay, 4/15/24. Claimant concurred in the Board's request. *See id*. at 2. We granted the stay and directed the Board to transmit the certified record(s) within 30 days from the date that Claimant filed appeals in the nine related matters or, if no appeals were filed, within 30 days of May 6, 2024, the date the appeal period for the nine related matters would expire. *See* Order, 4/17/24. Nevertheless, Claimant did not file appeals for the nine related matters.

The Board transmitted the certified record relating to 32-BR. *See* Docket, 6/5/24. Subsequently, the Board requested that this Court quash Claimant's appeal, asserting that Claimant had not challenged the Board's decision in 32-BR but was using the instant appeal as a springboard to argue against Board orders he had not appealed.[10] *See* Appl. for Relief, 9/25/24 (motion to quash). The issue was referred to this panel for consideration along with the merits. Order, 11/21/24.

---

[9] Apart from clearly identifying the docket numbers of the corresponding Referee decisions, which provide a detailed analysis, each Board decision and order is perfunctory and identical, concluding that Claimant was ineligible for benefits and was liable for non-fraud PUA overpayments of $11,400.00 and $22,800.00, and non-fraud PUC overpayments of $7,500.00 and $15,300.00. *Compare* Bd.'s Decision & Order, 1/29/24; *with, e.g.*, Appl. for Relief, 9/25/24, Attachment B, 29-BR *and id.* at 42-BR.

[10] On September 25, 2024, the Board also filed an application to stay the Board's briefing pending the resolution of the Board's application to quash. *See* Appl. to Stay, 9/25/24. We granted the stay and directed Claimant to answer the motion to quash; Claimant complied. *See* Order, 9/30/24; Answer, 10/13/24.

## II. ISSUES

Claimant does not address the identity verification issue underlying 32-BR but instead raises five issues disputing his ineligibility for PUA and PUC benefits and challenging the Board's determinations of non-fraud overpayments.[11] *See generally* Pet'r's Br. In response, the Board maintains that Claimant's arguments challenging his ineligibility are not properly before the Court. *See* Resp't's Br. at 7-8, 10-12.

## III. DISCUSSION

Initially, we address the Board's motion to quash. Therein, the Board alleges that Claimant attempts to use the instant appeal as a springboard to challenge additional Board orders he did not appeal and that Claimant has failed to preserve any issue for this Court's review. *See* Appl. for Relief, 9/25/24, at 5 (unpaginated). In response, Claimant argues that the Board agreed to consolidate "all issues, claims, and dockets . . . for purposes of clarity and expedience," and requests that this Court find the Board's actions created "a Consolidation of Cases." *See* Answer, 10/13/24, at 3.

Our Supreme Court has instructed that quashal is appropriate when an order is unappealable, the appeal is untimely, or the reviewing court otherwise lacks

---

[11] Essentially, Claimant argues that the Board ignored relevant testimony and evidence, and thus, erroneously concluded that Claimant was ineligible for benefits and responsible for overpayments. *See* Pet'r's Br. at 12-17. Claimant also asks this Court to approve his application for an overpayment waiver that he submitted to the Board. *See id.* at 17-20. According to Claimant, he requested a waiver in February 2024 but had not received a response as of August 2024, when he submitted his appellate brief to this Court. *See id.* at 17. The Board responds that Claimant's request was denied in February 2024, but Claimant never appealed the denial. *See* Resp't's Br. at 13 n.6. "A request for waiver of repayment is a separate proceeding." *Rouse v. Unemployment Comp. Bd. of Rev.*, 41 A.3d 211, 213 (Pa. Cmwlth. 2012) (explaining that, if a claimant has received a non-fraud overpayment, the claimant may request a waiver from the UC Service Center and thereafter must appeal any denial of the waiver to the Board before this Court will consider the matter). Absent a decision from the Board, we cannot consider Claimant's request. *See id.*

5

jurisdiction. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). Here, Claimant timely appealed 32-BR, which is a final appealable order. *See* Pa. R.A.P. 341(a); *see also* Pet. for Rev., 2/28/24. Moreover, this Court has appellate jurisdiction over appeals from the Board. *See* 42 Pa. C.S. § 763(a)(1). Accordingly, we decline to grant the Board's motion to quash.

Nevertheless, Claimant's substantive arguments are not properly before this Court because Claimant has not appealed the relevant Board orders.[12] We addressed an analogous issue recently in *Neuman v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1131 C.D. 2022, filed Jan. 3, 2024), 2024 WL 26906, *3.[13] In that case, the Board had issued three adjudications regarding the claimant's ineligibility for PUA benefits, the overpayment of PUA benefits, and the overpayment of PUC benefits. *Id.* at *3. The *Neuman* claimant appealed only the decision related to PUA overpayment yet requested that this Court reverse all three decisions of the Board. *Id.* at *2. This Court ordered Neuman to file petitions for review from the remaining two Board decisions, emphasizing that "failure to file separate petitions for review shall result in the abandonment of any appeal from" the two decisions. *Id.* at *3. Neuman failed to comply with the order. *Id.* Accordingly, this Court held that Neuman had "abandoned appellate review" of the two Board decisions. *Id.*; *see also, e.g.*, *Bitar v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth.

---

[12] Generally, absent compelling circumstances, filing a single appeal from multiple orders is "strongly disapproved . . . ." *Croft v. Unemployment Comp. Bd. of Rev.* 662 A.2d 24, 28 (Pa. Cmwlth. 1995). In *Croft*, this Court permitted a single appeal from nine Board decisions, in which nine claimants were deemed ineligible for nearly identical reasons. *Croft*, 662 A.2d at 28. The *Croft* Court cautioned the claimants that this was not an acceptable practice but permitted the appeal in the interest of judicial economy. *Id.*

[13] *Neuman* is an unreported opinion of this Court. Per our Internal Operating Procedures, this Court's unreported memorandum opinions issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

No. 1606 C.D. 2022, filed Dec. 6, 2024), 2024 WL 5002514, *6 (concluding that claimant's eligibility for PUA benefits was not properly before this Court because claimant only appealed the Board's order regarding a non-fraud PUC overpayment); *Mull v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1518 C.D. 2022, filed December 21, 2023), 2023 WL 8827109, *3 (concluding that claimant's eligibility for PUA benefits was not properly before this Court because claimant only appealed a Board decision arising from a separate non-fraud PUA overpayment determination).

Here, Claimant appealed the Board's decision at 32-BR. Pet. for Rev., 2/28/24. This adjudication corresponds with referee office docket number 2023009043-AT. *See* Bd. Dec. & Order, 1/29/2024. The referee office docket number, in turn, refers to determination number 11502425. *See* Acknowledgement of PUA Appeal, 9/20/23. This determination, which was mailed to Claimant on June 5, 2023, indicates that he was denied benefits for failing to "provide information to authenticate [his] identity under Section 2102(a)(3)(A)(ii)(I) of the CARES Act." *See* PUA Disqualifying Determination, 6/5/23. Thus, in 32-BR, the Board did not adjudicate the several other reasons for Claimant's ineligibility and the non-fraud overpayment of benefits, and the only issue addressed in 32-BR and properly before the Court herein concerns the verification of Claimant's identity. As such, the issues that Claimant purports to appeal are not properly before this Court.[14] *See Neuman,*

---

[14] We briefly note two further concerns. First, courts lack jurisdiction to hear premature appeals. *See, e.g.*, *Magyar v. Zoning Hr'g Bd. of Lewis Twp.,* 885 A.2d 123, 128 (Pa. Cmwlth. 2005) (agreeing that the trial court lacked jurisdiction over the objectors' premature appeal of the deemed approval of a special exception because, absent the requisite public notice, the appeal period never commenced). Here, Claimant filed his petition for review on February 28, 2024, which preceded the Board's adjudications issued on April 5, 2024. Thus, we lack jurisdiction over issues arising from these latter adjudications. *See id.*

2024 WL 26906 at *3; *Bitar,* 2024 WL 5002514 at *6; *Mull*, 2023 WL 8827109 at *3.

## IV. CONCLUSION

For these reasons, we conclude that Claimant has abandoned appellate review of the issues he purports to raise in this appeal. Accordingly, although we deny the Board's application to quash, we affirm the Board's order.[15]

 

**LORI A. DUMAS, Judge**

---

Second, when a claimant forfeits his right of appeal, he cannot collaterally attack the underlying decision in later proceedings. *See Jones v. Unemployment Comp. Bd. of Rev.,* 344 A.2d 287, 252 (Pa. Cmwlth. 1975) (concluding that "because there was a right of appeal from the Bureau's determination of ineligibility such a determination could not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient"). Here, Claimant's failure to appeal the Board's nine additional determinations precludes his collateral attack on those determinations in this appeal. *See id.*

[15] In Claimant's Answer to the Board's Motion to Quash, he alternatively requested leave to file separate petitions for review so that he may properly appeal the remaining dockets. *See* Answer, 10/13/24, at 5. We construe this as a request for *nunc pro tunc* relief. However, no relief is due. The Court will grant *nunc pro tunc* relief only upon a showing of fraud, an administrative breakdown, or non-negligent circumstances beyond the appellant's control. *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021). None of these circumstances are present here. On the contrary, Claimant negligently failed to appeal the nine additional Board decisions even after this Court afforded him an opportunity to do so. *See* Order, 4/17/24.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Patrick Donahue, : 
        Petitioner : 
      :   No. 177 C.D. 2024
        v. : 
      : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

## **O R D E R**

AND NOW, this 4th day of September, 2025, the application for relief in the form of a motion to quash, filed by the Unemployment Compensation Board of Review (Board) on September 25, 2024, is DENIED; the order issued by the Board on January 29, 2024, is AFFIRMED.

 

**LORI A. DUMAS, Judge**